## Knight's Admr. v. Schroader, et al.

(Decided May 30, 1912.)

### Appeal from Calloway Circuit Court.

1. Vendor and Purchaser—Warranty—Remedies of Purchaser—Equity.—Where a purchaser, in possession of lands under a general warranty deed, has been damaged by reason of total or partial failure of title, he may maintain an action in equity, for the loss sustained, against the purchaser, who has been guilty of fraud, has removed his property from the State, has become insolvent or a non-resident.

2. Parties.—In such action, holders of outstanding claims affecting the title, are necessary parties, in order to determine the fact and amount of damage.

JOS. R. GROGAN for appellant.

J. R. SCHROADER for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

On July 3, 1907, Susan Knight, a resident of Calloway County Kentucky, sold, and by deed of general warranty, conveyed to B. F. and R. J. Schroader, 520 acres of land in that county, for $4,500. Shortly after the sale, she moved to New Mexico, where on the 16th of May, 1908, she died. In September following her death,

P. P. Underwood qualified as her administrator, in the Calloway County Court. About this time it appears that B. F. and R. J. Schroader received information that their vendor, Susan Knight, did not own the fee in all the property which she had conveyed to them, but that Pearl and Anna Knight, who were heirs at law of Thomas Knight, deceased, owned an interest in 100 acres of the 520-acre tract of land, which had been conveyed to them. They, thereupon filed suit against the administrator in the Calloway Circuit Court, setting out in detail the facts, and prayed judgment against the administrator for the value of that portion of the land, so conveyed to them, to which their vendor had no title. A general demurrer, filed by defendant, to the petition was overruled. The defendant thereupon filed an answer in two paragraphs; in the first of which, he admited the execution of the deed, but denied all the other material allegations of the petition, and in the second, pleaded affirmatively that the decedent died a resident of the Territory of New Mexico, holding the note of the plaintiffs for $2,250, the balance of the purchase price of the land, and asked that the payment of this note be enforced, and that plaintiffs' petition be dismissed. Plaintiffs, in their reply, denied that they were indebted in any sum whatever on account of the purchase price of the land. They admitted that at the date of the purchase, they paid only $2,250 in cash, and executed their note, due in twelve months, for the balance; that this note was assigned by decedent to S. H. Dees; and that they thereafter paid off and satisfied said note in full. The case was prepared for trial, and upon consideration the chancellor was of the opinion that plaintiffs were entitled to the relief sought, and so adjudged. The administrator appeals.

It appears from the evidence that there was included in this 520 acres, conveyed by Susan Knight to appellees, 100 acres, which had been owned by Thomas Knight, deceased, and she had no title to two-sixths of this 100-acre tract. It further appears that a contract had been entered into with one Simeon Knight, through whom Susan Knight acquired her title to this property, by which Anna Knight and Pearl Knight, then infants under twenty-one years of age and owners of this two-sixths interest, obligated themselves, for a named consideration, to convey their undivided interest in said property, to Simeon Knight, upon reaching their ma-

jority. This contract was recorded in the Calloway County Clerk's office. The petition alleges that these owners had reached their majority and had failed to convey. Appellees were still in the undisturbed possession of the land, and Anna Knight and Pearl Knight, so far as the record shows, had not asserted any claim to the land. Upon this showing the plaintiffs were not entitled to have judgment against their grantor for any sum whatever. The chancellor should have required these reputed owners to be brought before the court, and given leave to set up and assert any claim which, they had or desired to make, to this property. It is possible, indeed probable, that they may desire to stand by the contract which they made, and convey according to the tenor of their agreement, their interest in the lands of their father to appellees, and in that event, there would be no breach of warranty, and appellees would be entitled to no damages whatever. If, upon being brought before the court, they declined to ratify their contract and set up and asserted their ownership and title to said two-sixths interest in the 100-acre tract, then a judgment should be entered against the administrator in favor of appellees for such sum as the evidence should show that they had been damaged by reason of the breach of warranty.

Ordinarily, an action cannot be maintained for a breach of warranty, where the vendee has been placed in possession by the vendor and there has been no eviction, but upon a showing that the vendor has been guilty of fraud, is about to remove his property from the State, is insolvent, or has himself become a non-resident, a suit upon a breach of warranty, where there has been no eviction, may be maintained. Merrifield v. Tyler, 8 Rep., 422; Little v. Bishop, 22 Rep., 1747; English v. Thomason, 82 Ky., 280.

A court of equity interferes for the purpose of preventing irreparable injury, which might otherwise result. Simpson v. Hawkins, 1 Dana, 303; Golden v. Maupin, 2 J. J. Mar., 236; Kyle's Admr. v. Fauntleroy's Admr., 9 B. M., 620; and Trumbo v. Lockridge, 4 Bush, 415.

In all such cases, where a litigant seeks relief of this character, the proof must be clear and convincing that irreparable injury will result. It is not enough to show that injury may possibly result, or even will probably result.

Applying this test to the facts of the case at bar, if

the said Anna Knight and Pearl Knight should elect to stand by their contract with Simeon Knight and convey their undivided interest in this land, according to the tenor of their agreement, the title of appellees to the property, in so far as the record shows, would be perfect; or, if they should simply take no action at all and leave appellees in the undisturbed possession of the property, now held by them under their warranty deed, they would have no cause of complaint. In such event, under the judgment of the lower court, they would have the damages awarded them and the land also. When considered in this light, it is apparent that the judgment entered in the lower court does not satisfy the ends of justice. Anna Knight and Pearl Knight should be made parties to this action and called upon and required to set up and assert any claim, which they may have, in and to this land in question; the administrator should be enjoined from making distribution of the funds in his hands until after the rights of the parties to this litigation are determined.

Judgment reversed and cause remanded for further proceedings not inconsistent herewith.