## Campbell v. Irvine Toll Bridge Company, et al.

(Decided January 19, 1917.)

### On Motion to Dissolve Injunction.

Injunction—Breach of Contract.—In an action for a mandatory injunction to prevent the breach of a contract, where it does not appear from the petition of the plaintiff that the defendant is insolvent, and the net profit he would have realized upon the contract does appear from his petition, the injunction sought will not be granted, as it does not appear he will suffer any irreparable injury by such refusal.

KELLY KASH, F. L. A. EICHELBERGER and J. L. CARPENTER for plaintiff.

HUGH RIDDELL for defendants.

OPINION BY CHIEF JUSTICE SETTLE—Dissolving injunction.

This action, brought in the Estill circuit court by the plaintiff, Brock Campbell, against the defendants, Irvine Toll Bridge Company, a corporation, and O. W. Witt, its vice president, is before the writer of this opinion, a judge of the Kentucky Court of Appeals, upon a motion made by the defendants to dissolve a mandatory injunction issued by the judge of the Estill circuit court, compelling them to accept the plaintiff as lessee, for a term of one year, at a rental of $3,050.00, of a bridge spanning the

Kentucky river at West Irvine, Kentucky, and toll house attached thereto, owned by the defendant, Irvine Toll Bridge Company; to accept of him a bond securing the rent of $3,050.00; deliver to him the possession of the toll house and bridge and permit him to collect the tolls thereon for such year.

It is, in substance, alleged in the petition that the defendant, Irvine Toll Bridge Company, is authorized by its articles of incorporation to own and operate the bridge in question, collect tolls for its use, and to lease or sell to others the right or privilege to operate it and collect tolls for its use, which right it is the defendant's custom to annually sell or rent at public auction to the highest and best bidder; that on December 4, 1916, after the advertisement thereof, the defendant, Irvine Toll Bridge Company, offered for rent at public auction to the highest and best bidder the privilege to operate the bridge at West Irvine, and collect tolls for the use thereof by pedestrians and passengers, and to occupy the toll house, for a period of one year, beginning January 1, 1917, at which time plaintiff bid $3,050.00, whereupon the auctioneer announced that his bid was the highest and best offered for the privilege in question and declared him the purchaser; but that notwithstanding that fact, the defendants refused to accept of him the bond with sufficient security required of him by the terms of the sale as lessee, which he immediately tendered, and also refused to recognize him as lessee or surrender to him the possession of the bridge or toll house, and yet refuses to do so.

It is also alleged in the petition that the defendant, O. W. Witt, claims some kind of right or authority to take charge of and operate the bridge and that he and the Irvine Toll Bridge Company are jointly acting in attempting to prevent the plaintiff from obtaining possession of the bridge or receiving the tolls thereon.

The petition contains the usual allegations for an injunction—that is, that if refused the injunction plaintiff would suffer irreparable loss; that he has no other adequate remedy; and that a multiplicity of suits would be required to assert such legal remedies as he might enforce in a court of law.

After filing a demurrer to the petition, which the circuit court overruled, the defendants filed an answer of two paragraphs, the first containing a traverse, and the second alleging that as the result of fraud and collusion between plaintiff and the auctioneer, and to enable the

former to lease the bridge at less than its fair rental value, the bid of plaintiff for the renting of the bridge was pretended to be accepted, contrary to defendants' express instructions, without notice or opportunity to others then present, intending to make larger bids, which was well known to both plaintiff and the auctioneer; and that when the foregoing facts were discovered by the defendant, Irvine Toll Bridge Company, it immediately caused the auctioneer to again cry for sale the leasing of the property, tolls, privileges, etc., and it was then bid in for the bridge company by the defendant, O. W. Witt, its vice president, at the price of $3,335.00, which bid was duly accepted by the auctioneer.

For the purposes of the motion before us, we need not consider the grounds of defense interposed by the answer. Looking alone to the averments of the petition, we find them insufficient to authorize the granting of the injunction. The relief apparently sought by the plaintiff is to prevent the defendant Irvine Toll Bridge Company from violating its alleged contract with him. It is not alleged that the bridge company is insolvent, or that any difficulty would be encountered by plaintiff in collecting of it by execution the amount of any judgment for damages he may be able to obtain against it for a breach of the contract. Ordinarily, the solvency or insolvency of the defendant is not important, where the injunction is sought on the ground of the impossibility of measuring the injury in terms of money, or where the remedy at law is inadequate, however responsible the defendant may be. It is, however, a well recognized rule in this jurisdiction, as elsewhere, that where damages would fully compensate for the injury, and the defendant is solvent and able to respond, no injunction should issue. In such case the plaintiff must resort to an action at law for the damages sustained. The foregoing principles are too well settled to require the citation of authority. While here the plaintiff alleges that irreparable loss will result to him if the injunction is not granted, in view of the admitted solvency of the bridge company, it is patent that this allegation is without foundation in fact. It is equally clear from the facts alleged in the petition that there can be no difficulty in the way of plaintiff's measuring the injury he claims to have sustained, in money, for it is alleged therein that $1,200.00 is the net profit he would have realized from operating the bridge during the year of the alleged lease.

Such profit can, of course, be readily arrived at, because it would consist in the amount of money collected in tolls from operating the bridge, less the rental of the property and the cost of maintaining it for the year, which it is admitted would have to be paid by the lessee.

So the case here presented is clearly not one that entitles the plaintiff to an injunction, for the defendant is entirely solvent, the certainty of measuring the damages sustained is obvious, and the remedy at law entirely adequate. In brief, there can be no irreparable injury from the failure to grant the injunction sought. 22 Cyc. 773; Devou v. Pence, 32 R. 697, 106 S. W. 874; Knight's Admr. v. Schroader, 148 Ky. 610, 147 S. W. 378.

For the reasons indicated the defendants' motion to dissolve the injunction is sustained, and the injunction dissolved.

Judges Carroll, Thomas and Clarke sat with me in the consideration of this motion and all concur in the conclusion expressed in the opinion.