## American Snuff Company v. Walker, et al.

(Decided April 19, 1917.)

On motion to dissolve injunction.

Injunction—Breach of Contract—Damages.—Where in an action to enforce a contract for the sale of a crop of tobacco the defendant is shown to be entirely solvent, the certainty of measuring the damages sustained by the breach of contract is obvious, the remedy at law for the breach of the contract would be entirely adequate, no probability of a multiplicity of actions is apparent, and there can be no irreparable injury from the failure to grant an injunction preventing the sale and delivery of the tobacco by the defendant to a third person, the granting of such injunction was error.

JAMES BREATHITT, Jr., for plaintiff.

LINTON & CLARK for defendant.

OPINION OF CHIEF JUSTICE SETTLE—Sustaining the defendant's motion to dissolve injunction.

This action was brought in the Christian circuit court by the plaintiff, American Snuff Company, a corporation engaged in the manufacture of snuff, to compel the specific performance by the defendant, W. M. Walker, of an alleged written contract whereby he sold and agreed to deliver to plaintiff, at the price of 7½ cents per pound, his crop of tobacco, consisting of about 10,000 pounds, produced in the year 1916. It was alleged in the petition that the defendant, Walker, notwithstanding his contract with the plaintiff, and in violation thereof, sold for a greater price and was about to deliver the same crop of tobacco to his co-defendant, J. L. Humphrey. By the prayer of the petition it was asked that an injunction be issued to restrain the defendant, Walker, from delivering to the defendant, Humphrey, and the latter from receiving, the crop of tobacco sold plaintiff by the former, until the action could be heard and determined by the court.

The petition contains the allegations customarily urged for an injunction—that is, that the plaintiff was without other adequate remedy, and, that unless granted the injunction, it would suffer irreparable loss.

In the absence of the circuit judge from the county an injunction, having the effect prayed, was granted by the circuit court clerk, after due notice to the defendant and the execution by the plaintiff of the required bond. The defendant's motion to dissolve the injunction, made before the judge of the circuit court, was overruled, and the case is now before me, as Chief Justice of the Kentucky Court of Appeals, upon a like motion made by the defendants.

In the character of case here presented the adequacy of the plaintiff's remedy at law is patent. The thing complained of is the violation of a contract for the sale of a marketable commodity—a single crop of tobacco. The damages can readily, even exactly, be ascertained in a single action at law and the solvency of the seller of the tobacco is admitted. Whether the measure of damages recoverable, if a breach of the contract is shown, would be the difference between the contract price to be paid by plaintiff for the tobacco as of the date fixed by the contract for its delivery, and its market price as of that date at the place of delivery; the additional cost, if any, of obtaining in lieu thereof other tobacco of like kind and quantity, or the difference between the contract price and its market value after its manufacture in due course into snuff, less the cost of its manufacture into that commodity, we need not determine, for in any event the damages could easily be ascertained. On the other hand, if it be true, as alleged in the petition, that the character of tobacco required in plaintiff's business, and to which it is claimed the defendant Walker's crop belongs, is so scarce in the market, as to make the loss of that single crop result in some peculiar or extraordinary injury to its business, even in that case its remedy at law would still be adequate. It is not alleged in the petition that it is out of plaintiff's power to supply the loss of the defendant's crop of tobacco by the purchase of other tobacco in the same market; nor is it alleged that the loss to plaintiff of this crop of tobacco would cause it to violate any contract or contracts it had made with others. There is no claim that plaintiff was induced by the contract alleged to have been made with it by the defendant Walker to enter into contracts with others it would not

otherwise have made; or that it had been unable to comply with such contracts because of the defendant Walker's failure to comply with his contract. The equitable grounds for injunctive relief recognized in Friedburg, Incorporated, v. McClary, et al., 173 Ky. 579, do not exist in the instant case. In that case, the tobacco purchased by Friedburg Co. of McClary was undelivered and in the hands of the numerous growers in Indiana and Kentucky who had contracted it to McClary, with each of whom Friedburg Company, by reason of McClary's breach of his contract with it, would inevitably have been involved in litigation. The violation by McClary of his contract with Friedburg Company would also have involved the latter in litigation with the divers persons to whom it sold the tobacco purchased of McClary. In addition, the insolvency of McClary was admitted. In commenting upon the effect to be given the foregoing facts, the writer of the opinion said:

"It is manifest that the grounds alleged in the petition and supported by the affidavits in the record are such as authorize an injunction. They show the breach of the contract, the insolvency of the defendant McClary, the inadequacy of any other remedy, the probability of a multiplicity of actions, and the irreparable loss to which the plaintiff would be subjected if denied the injunction."

Here the situation presented is wholly different. As said in Campbell v. Irvine Toll Bridge Co., 173 Ky. 313:

"So the case here presented is clearly not one that entitled the plaintiff to an injunction, for the defendant is entirely solvent, the certainty of measuring the damages sustained is obvious, and the remedy at law entirely adequate. In brief, there can be no irreparable injury from the failure to grant the injunction sought. 22 Cyc. 773; Devou v. Pence, 32 R. 697, 106 S. W. 874; Knight's Admr v. Schroader, 148 Ky. 610, 147 S. W. 378."

The writ of injunction is an extraordinary remedy which cannot be employed save in a clear case of impending injury. There must not only be an urgent necessity, but such necessity must be clearly shown. A mere possibility of injury will not authorize the granting of the writ. The mere fact that there is a contract between the parties which the defendant has violated, or is about to violate, will not authorize resort to the writ. If the latter be not insolvent, the proper and an adequate remedy for a breach of the contract is an action at law against

him by the plaintiff for damages. In other words, to authorize exercise of the jurisdiction of a court of equity to enjoin a breach of contract the inadequacy of the remedy at law must be patent; the injunction will not be granted when the damages can be correctly ascertained, no irreparable injury will be inflicted and there is nothing that will give rise to a multiplicity of actions.

For the reasons indicated, the motion of the defendant to dissolve the injunction is sustained, and the injunction hereby dissolved. Judges Miller, Hurt and Sampson considered this case with me and all concur in the conclusions expressed in the opinion.