## Newton, Jr. v. Farris.

(Decided February 25, 1919.)

### Appeal from Fulton Circuit Court.

1. Injunction—When Granted.—An injunction will not be granted
   unless it clearly appears that the complaining party will, unless
   it be granted, suffer great and irreparable injury that can not be
   adequately ascertained or compensated for in a suit for damages.
2. Injunction—Will Not Be Granted to Interfere With Pending
   Forcible Detainer Proceedings.—Where "A" instituted forcible
   detainer proceedings against "B" and "B" traversed the finding
   against him, "A" in a suit afterwards brought by him should not
   have an injunction to restrain "B" from using the premises
   in controversy in the forcible detainer proceedings.
3. Forcible Entry and Detainer—No Bar to Action for Trespass or
   Waste.—Under section 468 of the Code proceedings under a
   writ of forcible entry or detainer do not bar an action for trespass
   or waste, but in such an action an injunction should not be granted.
4. Forcible Entry and Detainer.—Where forcible detainer proceed-
   ings are pending in the circuit court on a traverse the plain-
   tiff should not be allowed by an injunction while the forcible
   detainer proceedings are pending, to take possession of the
   premises that the defendant in the forcible detainer proceedings
   claims the right to the possession of.

R. B. FLATT for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL ON
MOTION TO DISSOLVE INJUNCTION—Sustaining.

On January 8, 1919, Mrs. Farris obtained a writ of
forcible detainer against George W. Newton, Sr., and
George W. Newton, Jr., upon the ground that the
Newtons were wrongfully detaining from her a tract of
land containing about one hundred acres. On the trial

of the writ in the quarterly court on January 11 George W. Newton, Sr., was found not guilty and George W. Newton, Jr., was found guilty of the forcible detainer complained of. Thereupon George W. Newton, Jr., traversed the inquisition, executed the bond required by the Code, and when this suit in equity seeking an injunction was brought on January 22 by Mrs. Farris against George W. Newton, Jr., and the injunction I am asked to dissolve was issued by the circuit judge of the district the forcible detainer proceedings were pending on the traverse in the Fulton circuit court.

In this suit against George W. Newton, Jr., Mrs. Farris set out that she was the owner of and entitled to the possession of the one hundred acres of land, the same described in the forcible detainer proceedings, and that Newton was wrongfully holding possession thereof; that he was pasturing and feeding a lot of cattle on the land and threatened to continue in the use and possession of the premises; that by his acts in depriving her of the possession and use of the premises she had been damaged in the sum of one hundred dollars and would suffer great and irreparable injury unless Newton was restrained from trespassing on or interfering with her right to use and enjoy the premises. She asked that he be enjoined from trespassing upon the land or pasturing or feeding stock on the same or interfering with her full use and enjoyment thereof.

In answer to this suit Newton set up that he had rented the land for the year 1918 and was in possession of it during that year as the tenant of Mrs. Farris; that in the fall of the year 1918 he had rented it for the year 1919 and by virtue of his rental contract was entitled to the use and possession of the premises for the year 1919. In another paragraph he pleaded in bar of the injunction suit the forcible detainer proceedings pending in the circuit court.

For obvious reasons I will not express any opinion as to whether Newton is entitled to the use and possession of the land or any part thereof for the year 1919. It is sufficient to say that affidavits were filed by both parties in support of their respective contentions as made out in the pleadings in the injunction suit.

On hearing the case the circuit judge enjoined Newton, until further order of the court, from going upon or trespassing upon or pasturing the land and from inter-

fering in any way with the use and possession of the same by Mrs. Farris.

It will be observed that the only ground for injunction set out in the petition consisted in the fact that Newton was trespassing and continuing to trespass upon the land of Mrs. Farris by pasturing and feeding cattle and other stock thereon and preventing her from taking possession of and using the land as she wanted to, and on account of this conduct on his part she had and would sustain great and irreparable injury that could not be adequately compensated for in a suit for damages.

It is provided in section 468 of the Code that "The proceedings under a writ of forcible entry or detainer shall not bar an action for trespass or waste or rent or mesne profits." And so it is clear that Mrs. Farris, notwithstanding the pendency of the forcible detainer proceedings, had the right to bring an action for trespass as she did do against Newton, but the question is—Did she have the right in this suit to obtain an injunction? And this is the only question we are concerned with in this case.

As we have said, at the time this injunction suit was brought and the injunction obtained, the forcible detainer proceedings were pending in the circuit court and Newton had executed a traverse bond conditioned that he would pay to Mrs. Farris all damages caused to her by the traverse if not prosecuted with effect, and the terms of this bond are amply sufficient to cover any damages that Mrs. Farris may suffer by reason of Newton's wrongful detention of the premises, if it be determined that he is wrongfully detaining them.

In addition to this it is provided in section 467 of the Code that "The court before whom such cause (forcible detainer) may be pending, or any judge thereof in vacation, may restrain waste or destruction of the premises, and may enforce its order by fine and imprisonment or either." It will thus be seen that under these provisions of the Code the rights of Mrs. Farris may be fully protected in the forcible detainer proceedings, and this being so, it is very clear that she would not suffer any great or irreparable injury unless an injunction was granted, or any injury that could not be adequately compensated for in a suit for damages.

It is further manifest that if the plaintiff in forcible entry or detainer proceedings who has secured a verdict in the country that has been traversed by the defendant

could, while the traverse was pending in the circuit court, enjoin the defendant from using the premises in controversy, the effect would be to destroy what the defendant had secured by prosecuting his traverse, and we do not think that a party to a suit should be allowed in this way to defeat the righs of his adversary.

We have frequently written that an injunction should not be granted unless it clearly appears that the complaning party will, unless it be granted, suffer great and irreparable injury that cannot be adequately ascertained or compensated for in a suit for damages, and we have no state of case like this in the record before us. Campbell v. Irvine Toll Bridge Co., 173 Ky. 313; Friedberg v. McClary, 173 Ky. 579; American Snuff Co. v. Walker, 175 Ky. 149.

Under these circumstances I do not think the petition stated any ground for injunctive relief, and therefore the motion to dissolve the injunction is sustained.

Judges Settle, Hurt and Sampson heard this motion with me and concur in what I have said and in the conclusion reached.