## N. D. Tabor v. U. S. G. Tabor and Ralph Tabor.

(Decided February 9, 1926.)

### Appeal from Carter Circuit Court.

1. Alteration of Instruments—Evidence Held to Sustain Finding that Lease of Premises for 25 Years with Renewal Privilege of Additional 25 Years was Altered.—Evidence held to sustain finding of chancellor that lease of premises for 25 years, with renewal privilege of an additional 25 years, was altered by inserting such provision after it was signed by lessor, and should be canceled.

2. Judgment—Court Without Jurisdiction to Adjudicate Rights of Parties as to Fixtures Placed in Lessor's Building, where Such Rights Not in Issue.—In suit to cancel lease, trial court held without jurisdiction to adjudicate rights of parties as to store fixtures and equipment placed in lessor's building by lessees while they occupied it, where such rights were not in issue under the pleadings.

3. Fixtures—Lessees, on Cancellation of Lease, Entitled to Remove Store Fixtures and Movable Accessories to Mercantile Business Moved into Building by Them.—Lessees, who were required, on cancellation of lease, to vacate leased premises, were authorized to remove therefrom showcases, wardrobes, and all mere movable accessories to mercantile business moved into such building by them.

WAUGH & HOWERTON for appellant.

THEOBALD & THEOBALD for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing in part and affirming in part.

Appellant, N. D. Tabor, for cause of action herein, alleged that appellees, U. S. G. Tabor and Ralph Tabor, had caused to be recorded in the clerk's office of Carter county a writing purporting to be a contract by which he leased to them the first floor of a building owned by him for 25 years, at $40.00 per month, and to have been signed and acknowledged by them and him before A. M. Johnson, notary public. He alleged that he had not "made, signed, executed, acknowledged or delivered" that writing, and "that he never signed said instrument or authorized anyone else to sign his name thereto." He further alleged that he had not acknowledged it before A. M. Johnson, the notary public, and that the notary's certificate thereon was not signed by A. M. Johnson and

was a forgery. He further stated that appellees were claiming under that writing to have a lease on his property described in it for a period of 25 years, with the privilege of renewal for an additional 25 years, which was a cloud upon his title. He sought to have the writing appearing upon the records cancelled as being fraudulent and void. The answer traversed the allegations of the petition.

By the judgment rendered herein the lease was adjudged to be void and was cancelled. The judgment decreed further, however, that appellees recover of appellant $2,500.00, the value of the fixtures adjudged to have been placed in the building by them, and adjudged them a lien upon the building to secure it. Appellant, N. D. Tabor, prosecutes an appeal from the judgment requiring him to pay $2,500.00 to appellees as the value of the fixtures placed by them in his building, and awarding a lien for security, and appellees have prosecuted a cross-appeal from the judgment cancelling the lease. After the case came to this court appellee, Ralph Tabor, died and by agreement the action was revived in the name of U. S. G. Tabor, as his administrator.

We will consider the cross-appeal first. The original of the writing in question has been brought to this court as an exhibit. Appellant, N. D. Tabor, testified that he did not sign a lease granting the building to appellee for 25 years with the privilege of renewal for an additional 25 years. He testified that in the year 1919 he did lease the portion of his building in question to appellees for a period of five years, but stated that the writing evidencing the contract was merely signed by the parties and was never acknowledged before Johnson or anyone else as notary public, or any other official authorized to take acknowledgments. Appellees, U. S. G. Tabor and Ralph Tabor, both testified that the writing appearing of record was signed by them and N. D. Tabor, and that they acknowledged it before A. M. Johnson, a notary public, who took the paper and left for the purpose of procuring the acknowledgment of N. D. Tabor, and later returned it to them with the certification signed by him as appears of record. Johnson, the notary whose certificate appears appended to the contract, testified that the parties did not sign or acknowledge the instrument before him and that he did not sign the certificate of acknowledgment appearing upon it.

This court's close scrutiny of the original document has led to the conclusion that the lease appearing of record is not the lease signed by appellant, N. D. Tabor. A close scrutiny of that document leads to the inevitable conclusion that the lease as prepared and signed by the parties, eliminating the caption, reads:

"That party of the first part has this day rented to party of the second the down stair store room, of his corner building on cross and Front st. for the sum of Forty Dollars per month, to be paid at the end of each month, for any period of time that party of the second part may want to occupy said store room."

The contract was written on a typewriter and is reproduced here with the same words occupying the same lines in the writing as they did in the original instrument. In order to make the contract read as it appears of record, the following changes were made: The word "any" appearing between the words "for" and "period," in line two from the botton, as originally written, and as appears as quoted above, was changed to "a" by merely writing that letter with a lead pencil over the word "any." Between line two and line one from the bottom there was then written with a typewriter these words: "of 25 years with the privilege of 25 years additional." The word "that," the first word in the last line, was then changed to read "should" merely by writing the latter over the former with a lead pencil. As so changed the contract read:

"That party of the first part has this day rented to party of the second the down stair store room, of his corner building on cross and Front St. for the sum of Forty Dollars per month to be paid at the end of each month, for a period of time of twenty five years with the privilege of twenty five year additional should party of the second part may want to occupy said store room."

That is the contract as it appears of record. The fact that the line indicated was added fraudulently and after the parties had signed the instrument is made perfectly manifest by a comparison of the words as typewritten in that line with the words as typewritten in the rest of the instrument. A close scrutiny of the typewritten words of the exhibit now before us discloses be-

yond all question that the words which were added were written with a typewriter equipped with a ribbon much older and much dryer than that on the typewriter which wrote the rest of the document. There is also a marked difference in the shade of the color of the words of the added line and that of the words of the rest of the document. These differences are apparent to the naked eye. They are more pronounced when examined under a reading glass. Using a powerful magnifying glass emphasizes the difference so as to leave no doubt.

It will be observed that the notary's certificate is dated February 28, 1919, the same date the contract itself bears, but it is certified therein that his commission does not expire until January 10, 1926. In those facts there appears to be proof conclusive to sustain the testimony of A. M. Johnson that he did not sign that certificate and did not take the acknowledgment of the parties to that instrument. A notary's commission never runs for more than four years, and on February 28, 1919, Johnson would not have certified that his commission expires January 10, 1926. The explanation of that discrepancy offered by appellee, U. S. G. Tabor, who alone testified about it, was that the contract was not acknowledged until in 1922; that at that time his son, Ralph Tabor, concluded it should be recorded; that it had not then been acknowledged; that he then wrote the certificate of acknowledgment himself but dated it back to the date of the original contract. No explanation is offered as to why the certificate of acknowledgment in violation of law was given a date other than the true date on which the acknowledgment was taken. It is wholly improbable that a certificate of acknowledgment written in 1922 would have been dated in 1919. An explanation that it was done was made necessary only when it became necessary to explain how a notary in 1919 could have a commission that expired in 1926. The strongest testimony appearing in the record is the appearance of the original exhibit. Its close scrutiny, especially with the aid of a glass, demonstrates beyond question that the entire line "of 25 years with the privilege of 25 years additional," written in the half space between the lines of the original, was added to this contract after the parties signed it, because it appears to have been written with a typewriter equipped with a ribbon much older and dryer which left the impression of the type on the paper in a shade of color so different from the rest of the instrument and

so much more dim and indistinct as to be distinguishable by the unaided eye. The evidence found herein beyond question sustains the judgment of the chancellor that the contract on record was not signed by appellant, N. D. Tabor, and should be cancelled.

It is insisted by appellant that the chancellor erroneously awarded appellees a judgment against him for $2,500.00, the adjudged value of the fixtures placed in the storeroom in question by them. As appellant insists an examination of the pleadings herein discloses that no issue as to that question is raised by the pleadings. The sole issue presented by the pleadings was whether or not appellant was entitled to have the lease appearing of record cancelled and held for naught. The petition sought that relief upon the grounds above indicated. The answer was merely a traverse of the petition. In their evidence herein appellees testified as to the value of certain showcases and display cases, wardrobes, a balcony and some shelving placed in appellant's building by appellees. That proof was offered by them as corroborating their contention that they had a 25 year lease with the privilege of renewal upon the theory that they would not have put the equipment in the building if they had not had a long term lease. The greater part in value at least of these accessories to the mercantile business does not appear to have become part of the building in question by being moved into the storeroom and used as they were. No reason suggests itself to this court why appellant, who succeeded in manifesting his right to have the lease in controversy cancelled, should in any event be required to purchase from appellees that character of property. Upon the cancellation of the lease and upon appellees' being required to vacate the building in question, they certainly were authorized to remove from this building the showcases, wardrobes and all mere movable accessories to the mercantile business moved into the storehouse by them. A different question might arise as to the balcony and shelving erected in and which probably became a part of the building itself. As to it we are unable to perceive how, in the absence of an issue made by the pleadings on the question, the trial court concluded that appellees were entitled to judgment against appellant. The rights of the parties with respect to the store fixtures and equipment placed in appellant's building by appellees while they occupied it were not in issue between the parties in this action, and the trial

court improperly undertook to adjudge their rights with respect thereto herein.

For the reasons herein indicated the judgment herein is reversed upon the appeal and affirmed upon the cross-appeal.