## Lincoln County Board of Education v. Board of Trustees of Stanford Graded Common School District.

(Decided June 5, 1928.)

## Appeal from Lincoln Circuit Court.

1. Judgment.—Judgment treating parties' agreement relative to title to school property as part of judgment held to have fixed status title.
2. Stipulations.—The parties to a suit in a court of general jurisdiction may agree as to the subject-matter of their litigation and waive the objection that the issue was not embraced by pleadings.
3. Judgment.—It is the general rule that a decree or judgment on a matter outside of the issues raised by pleadings is a nullity.
4. Judgment.—The general rule that a decree or judgment on matter outside of raised issues by pleadings is a nullity is inapplicable to judgments entered by consent.
5. Schools and School Districts.—Property in Stanford, Ky., which formerly belonged to Stanford College, part of which property had been given by the commonwealth by act of 1798, held not to belong to the Lincoln county court because of Ky. Stats., sec. 323, but to be the property of the county board of education, so that such board could pass good title.
6. Schools and School Districts.—The Lincoln county board of education should use the fund realized from the sale of the property formerly owned belonging to Stanford College in the erection or maintenance of a high school in Stanford.

J. B. PAXTON for appellant.

K. S. ALCORN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This appeal brings before us the question as to the ownership of certain property in Stanford, Ky., which formerly belonged to Stanford College. In 1911 that college instituted suit asking for a sale of the property, and asking the advice of the chancellor as to the disposition of the proceeds of sale. The property was acquired in part with money realized from the sale of vacant lands donated by the commonwealth to Stanford Academy by the act of 1798. The city of Stanford had also contributed liberally towards paying for the property, as had certain individuals. In the suit by the trustees of Stanford College asking for a sale of the property it was set out that a school could no longer be conducted because a graded school had been created and established which embraced the city of Stanford. The county board of ed-

ucation, the Stanford graded school, the city of Stanford, and some of the original donors became parties to the action. The Stanford graded school claimed that it was entitled to have the property; the county board of education claimed that the proceeds of the sale of the property should be turned in to it for division among the common school districts of the county and the graded school districts in proportion to pupil population. The city of Stanford claimed that the proceeds of the sale should be divided among the various contributors to the fund used in acquiring the property. The Lincoln county court claimed the entire property under the provisions of section 323, Ky. Stats. The judgment of the lower court in that case was that:

> "The said property belongs to and should be held by the defendant the county court of Lincoln county for the use of and to be managed, controlled, and used by the defendant the county board of education of Lincoln county."

There was a further provision in the judgment of the lower court in that case, which is as follows:

> "Thereupon in open court the defendants the county board of Lincoln county and the Lincoln county court, and one with the other, consented that said property belongs to and shall be held by the defendant, the county board of education of Lincoln county for the purpose of maintaining and conducting a high school at Stanford, Lincoln county, Ky., the county seat of Lincoln county as is now required by law, such consent and agreement being made by said county court on condition that said property be used for said high school purposes, and it is now so adjudged by the court, and it shall have possession and control of said property at the expiration of the present lease."

An appeal was prosecuted to this court from the judgment of the circuit court in that case. The judgment of the circuit court was affirmed. 145 Ky. 838, 141 S. W. 386. The court in that opinion recognized that the property had been adjudged to the county board of education for a county high school. Not only was it adjudged for a county high school, but the high school to which it was adjudged was one to be maintained at Stanford, the county seat of Lincoln county.

In November, 1926, the county board of education entered into a written contract whereby it agreed to sell and convey the property to W. B. McKinney. The Lincoln county court refused to give its consent to the sale, or to join in the conveyance. McKinney, therefore, declined to carry out the contract, whereupon the county board of education instituted suit against McKinney and the Lincoln county court asking for a specific performance of the contract, alleging ownership of the property in fee, and that the Lincoln county court was asserting a claim to ownership which was without merit. McKinney made no defense other than that he was not compelled to accept the deed of conveyance and pay for the property unless he obtained a good title to it. The Lincoln county court answered and denied that the board of education was the owner of the property and averred that the county court was the owner of it. The Stanford graded common school district became a party defendant to the action in the lower court and it claimed the property on the ground that it was to be used for the maintenance of a high school in Stanford, and as it was the only instrumentality maintaining a high school in Stanford that it was entitled to the property or the proceeds.

All of these parties to the action gave elaborate reasons in the pleadings why the property should belong to the particular claimant. The judgment entered by the lower court found that the title was not to the Lincoln county court, and that the claim of that court in the property was only a dry trust. It was adjudged that the county board of education had the right to sell the property and the county court was directed to unite in the conveyance to McKinney. The judgment directed that the proceeds of the sale should be apportioned among the common school and graded school districts of the county in the ratio that the number of white children of school age residing in each bore to the total number of children in the county, and further directed that the rents received by the county board of education in the past after deducting sums expended for the upkeep and insurance of the property should be likewise distributed.

The county court of Lincoln county has not appealed, but the Stanford graded common school district has appealed, and is insisting that it is the owner of the property or the proceeds and that this court should reverse the judgment and direct a judgment in its favor.

It seems to be conceded by counsel for appellant, or at least substantially so, that the previous judgment in the case, or rather that portion of the judgment purporting to be an agreement between the Lincoln county court and the Lincoln county board of education, vests the title to the property in the county board of education for the use and benefit of a high school to be maintained in Stanford, but he argues that the pleadings in the former action did not justify any such judgment, and that the agreement evidences nothing more than a private understanding between the parties. There would be much force in this argument if it were not for the fact that this court in the previous opinion treated that agreement as a part of the judgment and found that the title to the property was vested in the county board of education and that the property was to be used for the maintenance of a high school. The opinion in the former case forever fixed the status of the title. In addition the point was decided adversely to the contention of appellant in the case of Lodge et al. v. Williams et al., 195 Ky. 773, 243 S. W. 1011. In that case it was held that the parties to a suit in a court of general jurisdiction may agree as to the subject-matter of their litigation and waive the objection that the issue was not embraced by the pleadings. It is the general rule that a decree or judgment on a matter outside of the issues raised by the pleadings is a nullity, but the general rule does not apply to judgments entered by consent. It was so held by this court in the case of Cecil v. Cecil's Ex'rs, 185 Ky. 787, 215 S. W. 794.

Our conclusion is that the lower court correctly adjudged the property to the county board of education and that board, by its deed of conveyance, can pass a good title to McKinney; that the lower court correctly adjudged that McKinney should be required to accept the conveyance as directed by the judgment of the lower court; that the judgment of the lower court is erroneous, in so far as it directed a division of the proceeds of the sale and the rents which had been collected among the common and graded school districts of the county in proportion to the number of white pupil children residing in each. The fund realized from the sale should be used by the county board of education in the erection or maintenance of a high school in the city of Stanford. If the present arrangements should continue, or any similar arrangements should be made, the county board of education may use the income from the fund towards paying

the tuition of the high school students which it causes to be placed in the high school at that place. In the event the county board of education should establish a high school, it may use the principal of the fund for the purpose of erecting or equipping a high school building. The fund must be used for the maintenance and operation of a high school in the city of Stanford. If the fund or the income thereof is used in this manner, the schools in the entire county receive the benefit of the fund, as it leaves a greater sum of money in the hands of the county board of education for the maintenance of the other schools in the county.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.