## Wunderlich v. Scott.

(Decided February 19, 1932.)

JAMES T. HOOPER and ORIE S. WARE for appellant.

W. H. RUCKER and EDWARD W. PFLEUGER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

This suit was filed in the Kenton circuit court on June 6, 1930, against the appellee, Arthur Scott, seeking

to enjoin him from interfering with or obstructing appellant's right of ingress and egress to and from his home over a private 20-foot right of way, extending from appellant's property to the nearby public road, and also seeking damages for the alleged loss of certain articles of personal property of the appellant, caused by their wrongful removal by appellee from a nearby place of storage, onto the said right of way, resulting in an alleged theft and loss of a portion of same.

As appears from the pleadings and proof herein, the facts are these:

The appellant is the owner of a parcel of land below Bromley, on the Ohio river, in Kenton county, Ky., which was conveyed him by Burt W. Scott and wife, who, at the time of the conveyance, was the owner of all the land at this point between the Ohio river and Covington and the Dry Creek turnpike or county road.

In the deed of conveyance of this property to appellant, there is also therewith conveyed him a right of way to and from it extending from the Ohio river to the nearby county road, the grant of which passway being made and described by the deed as follows:

"Burt W. Scott also hereby conveys to the said William Wunderlich a right-of-way from said property to the county pike and to the Ohio river. The grantor reserves the right to haul rock from the river shore in front of said lot."

The defendant (appellee) owned a lot fronting on both the county or concrete highway and this 20-foot road. These properties of the defendant and plaintiff, as well as intervening properties of other owners, all abut on this passway and were formerly all owned by their common grantor, Burt W. Scott, who divided the land into lots, fronting on this 20-foot right of way. This right of way was seldom used, except as a means of ingress and egress by appellant from his property to the concrete highway.

It further appears by the record that on, or about, the 23rd of May, 1930, the defendant, Arthur Scott, purchased a small tract of land and building thereon, known as Scott's Chapel, which abutted also on the easterly side of this 20-foot right of way. At the time of purchase, appellant was renting said Scott's Chapel and

using it as a storehouse for certain of his tools and other articles of personal property, which the defendant, upon his purchase of it on or about June 5 or 6, removed from said building, putting them along and over said right of way, as a result of which, it is alleged, many of these exposed articles were stolen and also appellant's right of ingress and egress, over said passway, was interferred with and obstructed by said articles so placed thereon.

On June 6, the appellant, complaining of this injury, filed his suit, seeking to enjoin the appellant from obstructing his right of way, and also for damages alleged suffered by him in the loss of his personal property, from being exposed and removed by appellee onto the said right of way; and on June 10 thereafter appellant was granted a restraining order against the appellee's obstructing the right of way.

On or about June 21 thereafter, it further appears that the defendant tore down this Scott's Chapel building, and that, in so doing, he scattered the timbers, lumber, and brick of the wrecked building, over and across this said right of way, which remained littered and obstructed therewith from a Saturday until the following Tuesday.

From a careful review of the record, it appears that, at the time appellant filed his injunction suit, on June 6, this right of way was then considerably obstructed with the articles of personal property, placed and strewed thereover by the defendant, and also that it was later, about June 21, again obstructed by the throwing of brick and lumber over and across the same by the appellee, secured from tearing down his Scott's Chapel building, though it does not appear that the appellant, upon either occasion, sought to make use of the right of way, or that he was, by reason of such interference with or obstruction thereof, prevented from doing so, as the obstructions placed thereon by the defendant were quickly removed therefrom.

Neither by the pleadings nor proof is it alleged, or disclosed, what was the nature or character of this 20-foot right of passway, as to its being either a public road or private way, or its nature otherwise put in issue, except as appeared by the deed thereto from Burt W. Scott to the appellant and perhaps some mention in the evi-

dence of a slight and occasional use of it by others of the public, in addition to its regular use by the appellant. No dedication nor acceptance of the right of way as a public road by the public or county officials, as in such cases required, was either proven or contended for.

Upon final hearing of the case, the court found upon proof by consent heard orally: First, that the defendant had erected no permanent obstruction upon said passway, permanently or seriously impairing plaintiff's right of ingress and egress thereover, but that there was only a temporary obstruction thereof by the defendant, for which the plaintiff had proved no damage, but if damaged that he had an adequate remedy at law, and further found also that there was no evidence of any acts or intention on the part of the defendant to obstruct or interfere with the plaintiff's right of ingress and egress; and, second, that the road in dispute was not the private property of the plaintiff, but was and is a public road, over which both parties are entitled to travel. Wherefore, the temporary injunction granted appellant was adjudged dissolved and the petition dismissed.

From this finding and ruling of the court, the appellant has prosecuted this appeal, wherein he contends: First, that the court erred in its denying him a permanent injunction upon the facts presented in evidence by the record; and, second, that it erred in its finding that the passway, or private right of way, conveyed the appellant was a public road.

We shall attempt to answer and dispose of these objections of appellant in the order presented.

In considering the insistent claim and argument of appellant that the trial court erred, to the very serious prejudice of appellant's personal and property rights, in denying him the permanent injunctive relief asked, we deem it advisable to briefly review the nature and special operation of this injunctive relief he seeks, and inquire as to what are the rules and basic principles of equity controlling the court in determining the right to such relief, and the considerations by which it is guided and influenced in its judicial action of exercising such jurisdiction.

The power of the court to grant its judicial mandate, frequently termed "the strong arm of equity," stands forth as a distinct head of equitable jurispru-

dence, and as the principal and most important of its issued processes.

"The remedy is strictly in personam. As the maxim aequitas agit in personam is the basic principle, of equitable jurisdiction, so the decree operates on, and is enforced against, the person, and not the property. . . . The remedy by injunction is summary, peculiar, and extraordinary, and ought not to be issued except for great and irreparable mischief. . . . Its power is exercised not for the purpose of punishing a person for some wrongful act which he has committed, but rather to prevent the doing of such an act, appearing against equity and good conscience, to the injury of another. . . . Its function is to afford preventive relief and not redress for wrongs already committed." 14 R. C. L., pp. 305 and 309, inclusive.

Again therein, at page 339, further treating of the subject of injunctive relief, it is said:

"Inadequacy of the remedy at law is the basis on which a court of equity founds the exercise of its power to afford relief by injunction. If it appears to the satisfaction of the court that a person has a property right and that he has no means of protecting it from injury at the hands of another, the court may then exercise its extraordinary power."

And in section 49, p. 347, it is further stated, as affording grounds for injunctive relief:

"An injury which tends to the destruction of an estate, or which is of such a character as to work the destruction of the property as it has been held and enjoyed, will be treated as irreparable. . . . An injury may also be irreparable when of such constant and frequent recurrence that no fair or reasonable redress can be had therefor in a court of law."

Further, in section 143, p. 442, the language is:

"It is a general and familiar rule that a court of equity will not restrain a mere trespass and that a complainant will be left to his remedy at law unless some element exists, such as irreparable injury or other condition, which renders the remedy in a court

of law inadequate. The presence of some one or more of these factors is essential, and in their absence the common-law remedy is deemed to be adequate and perfectly competent to give compensation, as well as to deter and prevent the repetition of the trespass by the exemplary damages which it will inflict.''

And further, in section 146, p. 445, it is thus stated:

''The inadequacy of the legal remedy is the foundation and indispensable prerequisite for the interposition of chancery to enjoin a trespass, for the obvious reason that a legal remedy has been devised to redress such wrongs, and so long as the law provides an adequate remedy, equity has no right to interfere. It must therefore appear that the legal remedy is inadequate before a court of equity will afford relief, but when such a situation is shown to exist, the injury is regarded as irreparable, justifying the granting of an injunction. Relief by injunction, therefore, will ordinarily be granted where there can be no adequate pecuniary compensation because it would be difficult or impossible to ascertain the damages resulting from an act, as in that case the legal remedy fails. . . . As to when an injury, resulting from trespass, may be incapable of compensation in damages the following propositions have been deduced from the authorities: (1) it may be destructive of the very substance of the estate; (2) it may not be capable of estimation in terms of money; (3) it may be so continuous and permanent that there is no instant of time when it can be said to be complete so that its extent may be computed; (4) it may be vexatiously persisted in, in spite of repeated verdicts at law; (5) it may be committed by one who is wholly irresponsible, so that a verdict against him for damages would be entirely valueless; (6) it may be committed against one who is legally incapacitated from a beneficial use of the remedy at law. Generally, however, in cases where equitable relief is granted the injury will be found to include several of these features.''

In the instant case, the chancellor, upon the hearing of the witnesses, and being in an advantageous position

to well judge both the weight and credibility of their testimony, as well as to ascertain and familiarize himself with the circumstances under which these instances of trespass, or obstruction of passway, complained of occurred, has found that they were only temporary in their nature and that no continuing trespass or permanent obstruction had been made, or exists interfering with appellant's free use and enjoyment of his right of ingress and egress over said passway, and, further, has found from the evidence heard by him, no intention on the part of the appellee to obstruct or interfere in the future with appellant's free use of his easement or right of passway conveyed him, and that appellant had failed to prove any damage suffered by him, by reason of these temporary acts of obstruction or trespass upon the right of way complained of, and upon this finding the trial court denied appellant the permanent injunction sought and dismissed his petition.

Upon this showing of the record and finding of the court, we are induced to conclude that the trial court's finding and judgment was without error prejudicial to the appellant, in thus holding that he had failed to present sufficient proof either to establish that remedy at law for the past trespass complained of was inadequate or that any irreparable injury was threatened him or would result from the failure of the court to grant him the permanent injunction asked against the appellee.

The case of the East Cairo Ferry Co. v. Brown, 233 Ky. 299, 25 S. W. (2d) 730, cited and insistently relied on by the appellant as authority entitling him to the relief of a permanent injunction in the instant case, can be of no advantage to the appellant herein, as the rule announced in that case is in full accord with the general principles announced, supra, as influencing and controlling the court's exercise of its jurisdiction of withholding injunctive relief.

In the cited case, the facts were that the defendant had leased all the cleared land of a certain farm, along and through which a public road, extended, and bound himself to cultivate the same. While operating under this lease contract, defendant threatened to obstruct the road by building a fence and gate across it; plaintiff sought to restrain him from doing this on the ground that he had no right to so obstruct this road as he secured no interest therein under his lease of the farm lands. The

court merely applied the principles, supra, in its decision in granting an injunction against a permanent obstruction of fencing up the roadway, in its opinion saying:

"The plaintiffs have a right to use the road under their written lease from Harris, and have a right to complain if Brown, who was without any right to do so, undertakes to stop the road.

"As Brown was without right to put up either of the obstructions, and would be simply a trespasser in so doing, the court should have granted the injunction prayed."

In the case of Newton, Jr., v. Farris, 183 Ky. 288, 209 S. W. 38, the appellee, Mrs. Farris, filed forcible detainer suit against the appellant (defendant below), and during its pendency filed second suit for injunction, in which she set out that she was the owner and entitled to the possession of certain lands described in her forcible detainer proceedings, which was then pending against the said appellant, and that Newton was wrongfully holding possession of this land, pasturing and feeding cattle thereon, and threatened to continue in the possession thereof, and that by his acts she had been damaged in the sum of $100 and would suffer great and irreparable injury unless Newton was restrained from trespassing on or interfering with her use and enjoyment of the premises. The lower court granted her the injunction asked, and upon the defendant's appeal, it was sought to dissolve the injunction so granted her. The court, in its opinion, used this language:

"Newton had executed a traverse bond conditioned that he would pay Mrs. Farris all damages caused to her by the traverse if not prosecuted with effect, and the terms of this bond are amply sufficient to cover any damages that Mrs. Farris may suffer by reason of Newton's wrongful detention of the premises, if it be determined that he is wrongfully detaining them. . . .

"We have frequently written that an injunction should not be granted unless it clearly appears that the complaining party will, unless it be granted, suffer great and irreparable injury that cannot be adequately ascertained or compensated for in a suit for damages, and we have no state of case like this

in the record before us. Campbell v. Irvine Toll Bridge Co., 173 Ky. 313 (190 S. W. 1098); Friedberg v. McClary, 173 Ky. 579 (191 S. W. 300, L. R. A. 1917C, 777); American Snuff Co. v. Walker, 175 Ky. 149 (193 S. W. 1021).

"Under these circumstances I do not think the petition stated any ground for injunctive relief, and therefore the motion to dissolve the injunction is sustained."

This court has repeatedly declared the rule to be that an injunction will not lie or be granted to prevent mere trespass, unless irreparable injury would be done thereby. Hillman v. Hurley, 82 Ky. 626; Wallace v. Jackson, 224 Ky. 25, 3 S. W. (2d) 766; Knight's Adm'r v. Schroader, 148 Ky. 610, 147 S. W. 378; Watson v. Holmes, 5 Ky. Law Rep. 515. Nor unless there exists cause to apprehend successive acts of trespass will a trespasser be enjoined, regardless of his solvency or insolvency. Hounshell v. Miller, 153 Ky. 530, 155 S. W. 1148; Hall v. Hall, 149 Ky. 817, 149 S. W. 1128.

As there was no finding by the trial court in the case at bar that either repeated or any future acts of trespass were, from the evidence, to be reasonably apprehended, or that the appellant was in danger of suffering any irreparable injury by means of any threatened future trespass or obstruction of his right of way by appellee, and that appellant had an adequate remedy at law for any damage he may have already suffered by reason of the prior act or acts of trespass, or temporary obstruction or interference with his right of ingress and egress over said right of way, we are of the opinion, and conclude, that the trial court committed no error in denying the appellant the permanent injunction sought.

As to the second contention of the appellant, relied on and also earnestly argued by him, that the court erred in finding that the 20-foot right of way, conveyed this appellant, was a public road, it appears that the objection is meritorious, in that the court's ruling in such respect we conceive was in error, as going beyond and being unsupported by either the allegations of the pleading or the proof found in the record. The rule is that either pleadings without proof, or proof without pleadings, is insufficient for judgment. Pratt v. York, 197 Ky. 846, 248 S. W. 492. And, again, the rule has been repeat-

490

edly stated by this court that, while the judgment should grant every equitable and legal relief to which the parties are entitled under their pleadings and proof, yet a party must recover according to the pleadings and proof, or not at all. A judgment cannot be properly entered upon an issue not made on the pleadings. Ireland v. Bowman & Cockrell, 130, Ky. 153, 113 S. W. 56, 17 Ann. Cas. 786; Clark, Etc., v. Logan County, 138 Ky. 676, 128 S. W. 1079; N. D. Tabor v. U. S. G. Tabor and Ralph Tabor, 213 Ky. 312, 280 S. W. 134; Lincoln County Board of Education v. Board of Trustees of Stanford Graded Common School, 225 Ky. 21, 7 S. W. (2d) 499; Civil Code of Practice, sec. 90; Middleton v. Graves, 229 Ky. 640, 17 S. W. (2d) 741; Chesapeake & O. Ry. Co. v. City of Olive Hill, 231 Ky. 65, 21 S. W. (2d) 127; Dotson v. People's Bank, 234 Ky. 138, 27 S. W. (2d) 673.

Inasmuch as no issues were made by the pleadings or the proof of the parties herein as to the nature or character of the 20-foot right of way, or issue joined as to such, we conclude the court was in error, in the absence of either allegations or proof to be found in the record as to whether the passway, or 20-foot right of way, described in the petition and alleged obstructed was a public road or private way, in adjudging that the said right of way was a public road, and that, in so adjudging adversely against appellant's grant of title to passway; it erred to the prejudice of appellant's substantial rights, and that for such error the judgment in such respect will have to be reversed.

For the reasons herein indicated, the judgment of the court in dissolving the temporary injunction and dismissing plaintiff's petition is affirmed and reversed in so far as it adjudges the right of way in question to be a public road.