COMMONWEALTH of Kentucky, Drexell R. Davis, State Treasurer, and Robert L. Warren, Secretary of the Finance and Administration Cabinet of the Commonwealth of Kentucky, Appellants,

v.

MOUNTAIN TRUCKERS ASSOCIATION, INC. and Walter Bartrum, Appellees.

Court of Appeals of Kentucky.

Dec. 21, 1984.

Charles D. Wickliffe, Frankfort, for appellants.

William D. Kirkland, Christopher Hill, McBrayer, McGinnis, Leslie & Kirkland, Frankfort, for appellees.

Before CLAYTON, HOWERTON and REYNOLDS, JJ.

CLAYTON, Judge.

This appeal involves a declaratory judgment and order of the Franklin Circuit Court declaring that all citations issued, convictions obtained, and fines collected for violation of the Kentucky "Tarp Law," KRS 189.150, between October 27, 1982, and January 11, 1983, are illegal and invalid. All persons cited, convicted or fined during this period are adjudged by the same order to be entitled to refunds of fines collected.

Events resulting in the above judgment and order began October 27, 1982, when Southeast Kentucky Truckers and Coal Operators Association, Inc. (Southeast Truckers), filed a class action in Franklin Circuit Court claiming that various sections of Chapter 203 of the Acts of 1982 were unconstitutional. At the time suit was instituted, Southeast Truckers filed a motion pursuant to CR 65.03 for an ex parte order to restrain the defendant-appellants, the Transportation and Revenue Cabinets and the Commonwealth of Kentucky, "... from administering and enforcing the provision of Chapter 203, Sections 10–18, excluding Section 14, as enacted by the 1982 General Assembly of the Commonwealth of Kentucky (Senate Bill 144, Sections 10–18, excluding Section 14)." On October 27, 1982, the circuit court signed the ex parte order accompanying the motion, apparently without being aware that the restraining order failed to exclude Section 14. After dis-

covery of the error, an amended order was entered January 11, 1983.

During the interim, however, Walter Bartrum, a member of Mountain Truckers Association, Inc. (Mountain Truckers), an independent coal haulers association, was cited by the Kentucky State Police in Floyd County, Kentucky, for violating the Tarp Law on December 27 and 28, 1982. The law, KRS 189.150, requires vehicles carrying loads susceptible of spillage on public roads for a distance of more than one mile to be covered. Bartrum appeared in Floyd County District Court on January 12, 1983, the day after entry of the amended order, and pleaded guilty to both charges, paying a modest fine for each violation. At the time the citations were issued and the fine imposed, neither the citing officers nor the district court were aware of the original restraining order including Section 14, KRS 189.150. Three months later, Bartrum and Mountain Truckers brought this action in Franklin Circuit Court seeking a refund of those fines based upon the error contained in the original restraining order. The declaratory judgment and order mentioned at the outset of this opinion followed.

In essence, the appellants' argument for reversal is that the original restraining order issued in *Southeast Truckers* had no effect on the judicial proceedings to enforce the Tarp Law as neither the state police involved nor the Floyd District Court were parties or privy to the action involving Southeast Truckers, nor did they have actual knowledge of the restraining order. Citing CR 65.03, it is reasoned that an *ex parte* restraining order is the equivalent of an injunction *pendente lite* restraining persons against whom it is directed from engaging in specified conduct during the pendency of an action. As such, the order binds only those parties served or informed or persons possessing actual knowledge. Therefore, while the Commonwealth was nominally a party, the only state agencies involved are the Transportation and Revenue Cabinets. Since neither the state police nor the district court are officers, agents or attorneys for either of these parties, they were not bound by the original

order in *Southeast Truckers*. Naming the Commonwealth simply as the Commonwealth did not make the restraining order effective in a universal manner so as to suspend the statute or strip a court of otherwise competent jurisdiction of its power.

Mountain Truckers and Bartrum disagree, responding that since the Commonwealth was a party to Southeastern Truckers' action, the circuit court's original restraining order enjoined the state's officers, agents and attorneys regardless of actual notice. As support for their interpretation of CR 65.02, appellees point to *Shakman v. Democratic Organization of Cook County,* 533 F.2d 344 (7th Cir.1976). In *Shakman, supra,* an employee of the City of Chicago attempted to raise the defense of lack of notice in a contempt action for violation of an injunction. The United States Court of Appeals for the Seventh Circuit held the employee in contempt reasoning that as an employee he did not need to receive actual notice to be bound. As another basis for affirmation, appellees turn to principles of comity. Supposedly, the Franklin Circuit Court's erroneous assumption of jurisdiction over the Tarp Law bound all district courts to respect its restraining order, divesting them of jurisdiction to render decisions contrary to the order. This is so, it is argued, due to *Akers v. Stephenson,* Ky., 469 S.W.2d 704 (1970), which states that,

> Where parties and subject matter are the same once a court of concurrent jurisdiction has begun to exercise jurisdiction over a case, its authority to deal with the action is exclusive and no other court of concurrent jurisdiction may interfere with the pending proceedings. *Id.* at 706.

*Akers* aside, policy considerations also supposedly favor affirmation, as upholding the validity of the fine would create jurisdictional conflicts doing serious harm to the spirit of Kentucky's unified judicial system. We disagree and accordingly reverse the declaratory judgment and order of the Franklin Circuit Court.

■ Mountain Truckers and Bartrum misunderstand CR 65.02 and the fundamental nature of injunctive relief. Restraining orders, temporary injunctions and permanent injunctions as set forth in CR 65 are an extraordinary equitable remedy. *See Maupin v. Stansbury,* Ky., 575 S.W.2d 695, 697 (1978). As a class, these injunctions have been described as "summary peculiar and extraordinary, and ought not to be issued except for great and irreparable mischief." *See Wunderlich v. Scott,* 242 Ky. 481, 485, 46 S.W.2d 753 (1932). This characterization seems especially apt in the case of restraining orders which are ordinarily granted without notice to the defendant who therefore has not had the opportunity to attack the plaintiff's claim. *See* G. Dobbs *Handbook on the Law of Remedies,* 107 (1973).

■ To prevent abuse by the "strong arm of equity," as injunctions have been referred to, *Wunderlich, supra* at 484, 46 S.W.2d 753, both the federal and the Kentucky Rules of Civil Procedure require that restraining orders and injunctions be specific in their terms and describe in reasonable detail the act to be restrained. CR 65.02(1); *Fiscal Court of Jefferson County v. Courier-Journal and Louisville Times Company,* Ky., 554 S.W.2d 72 (1977) (citing *Schmidt v. Lessard,* 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974) (interpreting Fed.R.Civ.P. 65(d)). These statutory requirements of specificity are nothing more than a codification of the ancient requirement of equity jurisprudence that an injunction be neither too broad nor too vague. *Fiscal Court of Jefferson County, supra.*

■ Yet the appellees' interpretation of the Franklin Circuit Court's order would set both CR 65.02 and the ancient proscription "on their ear." To bind the entire legislative and executive branches from enforcing KRS 189.150 due to the nominal participation of the Commonwealth in *Southeast Truckers* runs directly contrary to the restrictions against broad and overly vague injunctive orders. Moreover, such an application of CR 65 in actions challenging the constitutionality of a state statute ignores the in personam nature of injunctive relief. A restraining order granting injunctive relief against the enforcement of a statute or ordinance is to be directed against the acts of those specific public officials charged with enforcing the statute to enjoin their threatened enforcement. *Akers v. Floyd County Fiscal Court,* Ky., 556 S.W.2d 146 (1977) (citing 42 Am.Jur.2d § 186). These same officials, their agents and attorneys are then, under CR 65.02, bound by the order. CR 65.02(2). Any restraining order attempting to bind the Commonwealth in its entirety, all of its executive, judicial and legislative officers, agents and attorneys, simply by the nominal participation of the Commonwealth, must be struck down as overly broad and vague. Such an order would run contrary to the very essence of injunctive relief while creating the very abuses CR 65 seeks to prevent.

■ Nor may all the courts of Kentucky, other than the Franklin Circuit Court, be automatically divested of their jurisdiction to hear matters involving KRS 189.150 simply by issuance of a restraining order including the Commonwealth as a party.

> An injunction decree or order restraining actions or proceedings in another court is directed only to the parties. It is not addressed to the court and is in no sense a prohibition on it in the exercise of its jurisdiction. 42 Am.Jur.2d *Injunctions,* § 201 (1969).

What the appellee describes as the judicial effect of the circuit court's original restraining order is actually a novel form of "blanket" writ of prohibition. A writ of prohibition is itself a drastic and extraordinary form of equitable remedy exercised by a court of higher authority against an inferior court where that court is acting without jurisdiction, or within jurisdiction but erroneously such that irreparable injury will result. *Jones v. Tartar,* 308 Ky. 813, 215 S.W.2d 955 (1948). Such a writ is not presently involved. Thus, while the courts have power to enjoin disputing par-

ties presently before them from seeking relief in another judicial forum, they have no equitable power to prevent those other forums from hearing issues founded on identical statutory or common law principles but involving different parties. As neither of the acting officers was an official, agent or attorney of either the Transportation or Revenue Cabinets nor had actual notice of the controversy, their actions in citing Bartrum and the Floyd District Court's action in convicting and finding him was not subject to the original restraining order issued in *Southeast Truckers*.

The declaratory judgment and order of the Franklin Circuit Court is reversed.

All concur.