## Collins v. Moore.

(Decided May 30, 1924.)

### Appeal from Floyd Circuit Court.

Easements—Leaving Passageway in Building Held Compliance with Obligation to Permit Use of Well.—Where owner of lot constructed building over well from which plaintiff was entitled to take water, but left opening and passage in building through which plaintiff had access to well, though it limited space over which plaintiff could walk, it was a compliance with obligation to permit access.

C. B. WHEELER for appellant.

B. M. JAMES, B. F. COMBS and A. B. COMBS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant endeavored to obtain an order requiring appellee to remove a storehouse from a certain lot in Lackey, Kentucky, and having failed in his efforts, he has appealed.

On October 22, 1914, Dr. T. J. Chandler sold to Tivis Hicks a certain lot in the town of Lackey, in Floyd county, Kentucky, for $418.00. It seems that $400.00 was paid for the lot, and $18.00 was paid as part of the cost of a well which had been dug on an adjoining lot. Provision was made in the deed to Hicks for him to have a certain right of way and the use of water from this well, the particular provision being as follows:

"It is agreed that the 10 feet lying along the C. & O. right of way is to be (used) for a public road.

It is agreed that said Hicks is to (have) free use of well now drilled near the lower corner of his lot for domestic purposes."

Hicks sold the lot to Martin and in the deed to Martin the following provision appears:

"It is further agreed that the parties of the second part are to have the use of the well now drilled near the lower corner of his lot for domestic purposes."

Martin conveyed the lot to appellant, Jonas Collins.

In the deed to Jonas Collins there is a provision regarding this well that is identical with the provision in the deed to Martin. The adjoining lot upon which the well is situated was on July 1, 1919, conveyed by Dr. Chandler to the appellee by a deed of general warranty, and no exceptions or reservations were contained in the deed. The two lots adjoin. This well was drilled several years ago by Dr. Chandler and others who had purchased lots from him to obtain a convenient water supply. It was equipped with a pump and for some time thereafter many persons used the water from the well, although the proof shows that the water contained a great quantity of both iron and sulphur.

It seems that Dr. Chandler had intended to locate the well on the dividing line between the lot now owned by appellant and the lot owned by appellee, but by mistake the well was drilled some nine or ten feet from the line, and on the lot which is now owned by Moore. Like all things used by the public, where it is everybody's duty to take care of it, the result is that no one takes care of it, and the pump which had been installed in this well soon got out of repair and those who had been using water from the well ceased to do so, and this well has been unused since about the year 1917 or 1918.

About the time this action was commenced, Moore was contemplating the erection of a store building upon his lot, and had already begun placing building material on the lot and near the well. Now, appellant Collins has a store building upon his lot wherein he conducts a general store, and as appellee Moore was proposing to construct a similar storehouse upon his property and to engage in a similar business, the appellant Collins became very thirsty and the right to use water from this well became a very valuable right, as he saw it. Moore, when questioned as to his purpose, declared that it was his intention to

build a storehouse on the property and to fill up the well, rendering it inaccessible by erecting a storehouse over it.

Collins instituted suit in the Floyd circuit court and asked for an injunction, enjoining and restraining Moore from the erection of the proposed building. The injunction was denied in that court, and within proper time, Collins applied to a member of this court, and a member of this court decided that the Floyd circuit court should have sustained the motion of Collins for a temporary injunction until the case could be prepared and heard upon its merits, and directed the judge of the Floyd circuit court to enter an order in conformity therewith.

It is the contention of Moore that Collins is not entitled to the relief which he seeks for the reason that the well in question has been abandoned by Collins and all of the persons who originally had a right to and did use the well. It was shown in the evidence that the children of the town in playing about the well had, from time to time, dropped small stones into the well in order to hear the sound that was produced when the stones struck the water, and that this had resulted in the well's being filled to such an extent that, as one or two witnesses said, a man could reach down the well and touch this gravel and other debris with which it was filled.

It seems that while the case was being prepared for and heard by a member of the Court of Appeals upon this motion for restraining order, Moore had almost completed his building, so that when the order was entered restraining him from interfering with Collins' access to the well, this building was practically complete. Moore cut a hole in the side of his building opposite the well and constructed a sort of passageway 4 feet wide, 6½ feet high and 9 feet 2 inches long, so that it was possible for Collins by using this passageway or tunnel to reach the well in question. Of course this passageway was boarded up on the side and over the top so that it limited the space over which Colins could walk in going to and from the well, but it left Collins plenty of room to get to the well. Moore further constructed this building by placing a trap door in this passageway just above the well and by placing one in the ceiling of his building, so that the well can be cleaned out whenever it is desired to do so, and the pump can be taken out and repaired. Experienced well drillers testified that they had examined the premises and that there would be no difficulty in cleaning out the well or taking out and repairing the pump. The great preponderance of the evidence shows that the building would

not in any material way interfere with either operation. The way over the lot to the well was left clear so that Collins still has access to the well. There can be no doubt but that appellant never thought of using this well for any purpose until he learned of appellee's intention to erect a store building on the lot and to compete with him in business. Then he began to talk about erecting a tank on his store building and of filling it from the well. Appellant admits in his evidence that he didn't want any building on Moore's lot because, as he said, it would subject his own store building to the hazard of fire. Moore has, by the arrangement made, fully complied with every obligation which he owes to Collins and so long as he maintains the existing conditions Collins cannot complain.

The judgment is affirmed.