## Aboud et al. v. Bailen.

Feb. 17, 1942.

A. M. Marret for appellants.

Jos. J. Kaplan for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This suit was brought by Jacob Bailen against George Aboud and Jaleeleh Aboud to enjoin them from obstructing a passway leading to the rear of plaintiff's property. The defendants counterclaimed and asked that the plaintiff be enjoined from obstructing a portion of the same passway to the use of which the defendants are entitled. Upon submission of the case the chancellor enjoined the defendants from obstructing the passway leading to the rear of plaintiff's property, and of this part of the judgment no complaint is made. The chancellor refused to grant the injunction requested in the counterclaim, and from this part of the judgment the defendants have appealed.

The passway in controversy was formerly part of a street or alley in Louisville, Kentucky, 30 feet wide and extending eastwardly from the east side of Second street to the west side of Brook street, a distance of 200 feet. Bailen owned a lot extending from Second street to Brook street and bounded on the south by this 30-foot alley or street. The appellants owned a lot facing on Second street and bounded on the north by the 30-foot alley. More than fifteen years before this litigation began, Bailen took possession of the north half of the alley, or a strip 15 feet in width extending from Second Street to Brook street, by enclosing same with a fence and building a garage and workshop on the portion of the strip near Brook street. In a proceeding in which the City of Louisville was a party, the 30-foot alley was closed and apparently appellants and appellee agreed that appellee should have the north one-half of the 30-foot strip and appellants should have the south one-half.

Title to the 15-foot strip which was formerly the south one-half of the alley or street running from Second street to Brook street is now in appellants, but in 1938, by a deed executed by them, an easement was created for the benefit of both appellants and appellee. The deed granted to Jacob Bailen an easement over the eastern end of this strip for the following purposes:

> "The right to use for pass-way and drive-way purposes so much of tract No. 1 as is contained in the said tract having a frontage on the alley of 15 feet and thence running westwardly of that width throughout to a point 5 feet west of the west wall of the improvements erected on the rear of Lot No. 2, and which driveway and pass-way leads into the building of second party now located on the rear part of tract No. 2 above."

The deed contains the following restriction as to the right to use the strip for passway purposes:

> "Provided, however, that the right of user above shall extend only to second party and the immediate members of his family, and so long as said second party and the immediate members of his family use the improvements now located upon the adjoining lands of second party, in the operation of his or their business."

The only right appellee has in the strip of ground is the right to use it for the purposes of ingress and egress. The appellants conduct a grocery business on their lot adjoining this 15-foot strip on the south, and it is used by them and their customers as a passway to and from Brook street. Clearly both parties are entitled to the unobstructed use of the strip as a passway. The proof shows that appellee had placed on the north portion of the 15-foot strip adjoining his property and kept there continuously various heavy articles such as barrels, containers, cans, drums, and sand boxes which effectively obstructed a part of the passway. Appellee keeps on the strip ten to sixteen barrels containing asphalt and roofing material. These barrels are 3 feet in diameter and weigh, when filled, about 400 pounds. As they are emptied they are removed and are replaced by barrels containing asphalt. Appellee also keeps in the passway an iron box 3 feet wide, 5 feet long, and 3 feet high filled with sand. Appellee admitted that he also used part of

the passway to store pipe used in connection with his business. In dismissing appellants' counterclaim and declining to grant the injunction sought by them, the chancellor said:

"It is further the opinion of the Court from the testimony heard that the plaintiff's use of that part of the defendants' property abutting the plaintiff's property on the rear of the fifteen (15) foot lot and the placing of barrels, containers, buckets and sand box does not unreasonably obstruct or interfere with the defendants' use of the said land as a passage-way, alley, or driveway and that the plaintiff's use of said land has been the same for a considerable number of years prior to the institution of this suit and counterclaim, and accordingly,

"It is ordered and adjudged by the Court that the counterclaim be and the same is hereby dismissed, to which the defendants object and except."

It is not claimed by appellee that he has acquired title to the obstructed part of the driveway by adverse user, and such a claim could not be established since the deed of May 3, 1938, confirmed in appellants the fee simple title and granted to appellee an easement for passway purposes only. Appellants reserved all other rights including the right to use the 15-foot strip for purposes of ingress and egress, and they are entitled to the free and unobstructed use thereof. "It is elementary that the use of an easement must be as reasonable and as little burdensome to the servient estate as the nature of the easement and its purpose will permit." Buck Creek R. Co. v. Haws, 253 Ky. 203, 69 S. W. (2d) 333, 336; Kentucky & West Virginia Power Co. v. Elkhorn City Land Co., 212 Ky. 624, 279 S. W. 1082. The use to which appellee is putting the driveway of which appellants complain is in addition to the rights granted him, and is a burden on appellants' reserved rights therein. Each party has the right to use the passway without hindrance, interruption or molestation from the other, and this right attaches to all of the 15-foot strip beginning at Brook street and running westwardly to a point 5 feet west of the west wall of the improvements erected on the rear of appellee's lot. Appellee argues that his obstruction of the passway is not of a permanent nature but temporary, and therefore injunction is not the proper remedy. The

obstruction has been continuous, and when the size, weight, and character of the articles continuously maintained in the passway are considered, the use complained of has all the attributes of permanency. In 17 Am. Jur., Easements, Section 152, it is said:

"Where the obstructions are of a permanent or continuing nature and the damages for each day's obstruction are insignificant, the remedy of successive actions at law for such damages is inadequate and equity will interpose by injunction on the ground that the injury is irreparable and, in certain cases, in order to prevent a multiplicity of suits. Likewise, if an obstruction is continuous, exclusive, and under claim of right, so that it will eventually destroy the easement by adverse possession thereof, an injunction will be granted against such obstruction although substantial damage has not yet been caused thereby."

See also 28 Am. Jur., Injunctions, Section 137; Musselman v. Marquis, 1 Bush, Ky., 463, 89 Am. Dec. 637; Hounshell v. Miller, 153 Ky. 530, 155 S. W. 1148.

We conclude that the chancellor erred in refusing to grant appellants the injunction sought in their counterclaim, and the judgment is reversed, with directions to enter a judgment in accordance herewith.