## CENTRAL KENTUCKY NATURAL GAS CO. v. HULS et al.

Court of Appeals of Kentucky.
May 29, 1951.

Rehearing Denied Sept. 28, 1951.

———◆———

Lewis A. White, Mt. Sterling, for appellant.

Redwine & Redwine, Winchester, for appellee.

LATIMER, Judge.

Appellant, Central Kentucky Natural Gas Company, is now and has for many years been engaged in the business of producing, transporting and distributing natural gas. The gas is produced or procured from storage fields in eastern Kentucky and transported by high pressure transmission lines to various towns in central Kentucky for distribution and sale.

The particular transmission line involved in this action runs from Winchester through Clark and Fayette counties to Lexington. Prior to the laying of this pipe line, the gas company procured rights of way from land owners along the route. Such right of way was acquired over the lands of L. C. Gay, which embraces the farm now owned by appellees. By this instrument the gas company was granted "the right of way to lay, maintain, operate and remove a pipe line for the transportation of gas on, and through my lands  *  * with ingress and egress to and from the same." The grantor retained the right to himself, his heirs or assigns, "to fully use and enjoin the said premises except for the purpose herein before granted to the Central Kentucky Natural Gas Company,".

It was further agreed that the gas company could at any time lay an additional line of pipe along the side of the first and also have the right to change the size of its pipe. It was also agreed that the lines be buried so as not to interfere with farming purposes. A ten inch pipe line was laid. This line now carries gas of a pressure of 285 to 300 pounds per square inch.

In 1945 appellees acquired the Gay farm above and later sold a portion of it to the Winchester Tobacco Warehouse Company for the purpose of erecting a sales warehouse thereon. The proposed site for the warehouse was over appellant's pipe line. In order not to interfere with the terms of appellant's easement, appellees requested a relocation of the pipe line. Appellees executed and delivered to appellant a right of way for the purpose of this change. It was provided in this grant of right of way "the right to relocate, maintain, operate and remove a portion of this pipe line as follows  *  *  * together with the right of ingress and egress to and from said right of way and said gas line for all proper purposes, together with all the rights and privileges granted by the original right of way dated November 16, 1905. It is agreed that the gas line to be laid under this grant

shall be constructed and maintained below cultivation so that grantors may fully use and occupy the premises subject to the rights of the grantee to maintain and operate said line."

Pursuant to this agreement the pipe line was relocated and the tobacco warehouse was built. Appellees thereafter undertook to construct a restaurant building across and over the pipe line as relocated.

The gas company brought this action seeking to enjoin the erection of this restaurant building over its high pressure transmission line. Motion for temporary injunction was denied. Upon final submission of the case upon its merits, permanent injunction was denied and the petition dismissed. From that judgment this appeal is prosecuted.

The Chancellor apparently took the view that the restaurant building was only a temporary construction and being such did not constitute a burden upon the easement and consequently was not a violation of the rights of the owners of the easement.

Thus we see we are confronted with the question as to whether this building is of such temporary nature as to create no interference with the right of the owner of the easement to the free and unrestricted use thereof or actually does create such a burden as to be a violation of the rights conferred by the easement.

Appellees take the position that the grantor, in the instrument granting the right of way, retained the right to use his land and premises in any way desired, and that appellant has no right to object to this use unless same so interferes with as to defeat the rights under the easement. It is insisted that since the building is small and can be moved immediately or elevated, either of which will be done upon request of appellant, no burden whatsoever is created.

Under the provisions of the grant of right of way above it becomes immediately apparent that the dominant and servient owners have correlative rights. The dominant owner has the right to lay the line; he has the right of access to make repairs and properly patrol the line and make such use of easement as is reasonable, but with as little burden on the servient estate as the nature of the easement and the object will permit. It is not meant that he shall have exclusive control of the right of way. On the other hand the servient owner has the right to use the land in any way not inconsistent with the rights granted under the easement or which do not become an encroachment upon or interference with the means and facilities the owner of the easement may lawfully use.

The record shows this transmission line to be a high pressure line. It further shows the necessity of patrolling the line for the discovery of leaks, a responsibility placed upon the owner of the easement requiring a degree of care commensurate with the dangers reasonably to be apprehended from leaks in a high pressure line.

It is insisted that compliance with appellant's request would be granting to the owner of this right of way absolute control over the easement and would exclude the land owner from its use. 6 A.L.R.2d 205, and numerous cases, most of which are foreign, are cited in support of this view. We are in accord with the principles enunciated in these cited cases. The principles enunciated therein may correctly be applied so as properly to cover the situation in the instant case.

Certainly we agree that the granting of a right of way does not entitle the owner thereof to exclusive use of the land but only the use necessary to enable it to exercise its rights. Specific provision is made that the pipe line shall be sunk to such a depth as not to interfere with the cultivation of the land. Such use was in contemplation of the parties.

Authorities dealing with this subject are almost unanimous in denial of a right to construct a building over the right of way which would materially interfere with the free right to use the easement as contemplated by the parties. See Aboud v. Bailen, 289 Ky. 536, 159 S.W.2d 410; Wunderlich v. Scott, 242 Ky. 481, 46 S.W.2d 753; Collins v. Moore, 203 Ky. 503, 262 S.W. 632.

This principle was recognized by both parties hereto as evidenced by the subse-

quent agreement for relocation of the line so as not to interfere with the erection of the tobacco warehouse.

 We call attention to the statement of appellees that they would either raise or move the building upon request that appellant might make proper inspection or properly patrol the line. This is an admission that there is a burden thrust upon the easement and a violation of the rights conferred by that easement even though it appears to appellees to be so minor as only to require a request to remove the building. Obviously, to allow the construction of a building over this high power transmission line would be a burden upon the easement and an unwarranted violation of the rights created thereunder.

The judgment is reversed with directions to enter judgment consistent herewith.