JEFFERSON COUNTY, Kentucky, By and Through its Fiscal Court, Louis HOLLENBACH, Glen McDonald, Bob Kirchdorfer, and Tom Helm, Appellants,

v.

SOUTH CENTRAL BELL TELEPHONE COMPANY, Appellee.

Court of Appeals of Kentucky.

Aug. 26, 1977.

Lively M. Wilson, T. Kennedy Helm, III, Stites, McElwain & Fowler, Louisville, William S. Connolly, Gen. Atty., South Central Bell Tel. Co., Louisville, for appellee.

Charles I. Sandmann, Asst. County Atty., Louisville, for appellants.

Before HOGGE, PARK and WINTERSHEIMER, JJ.

PARK, Judge.

The defendant-appellant, Jefferson County, appeals from a judgment of the Jefferson Circuit Court awarding the plaintiff-appellee, South Central Bell Telephone Company, the sum of $53,378.43 as reimbursement for the cost of relocating certain telephone facilities. The relocation was required when the Louisville and Jefferson County Metropolitan Sewer District improved the Upper Mill Creek drainage basin. The Metropolitan Sewer District was acting as an agent of Jefferson County in the construction of the project. Both the sewer district and the telephone company claim easements across the same property. The easement of the sewer district is admittedly prior in time to the telephone company's easement. The trial judge agreed with the telephone company's contention that the sewer district was liable for the cost of relocation under the provisions of KRS 76.120.

The plan of Lynn Lea Subdivision (Section 2) approved by the Louisville and Jefferson County Planning and Zoning Commission in 1954 provided for a 40 foot drainage easement along the southern boundary of the subdivision. This easement encompassed an existing ditch formed by Upper Mill Creek which was used for drainage purposes by the sewer district. As it existed in 1954, the drainage ditch did not take up the entire 40 foot drainage easement.

In 1961, the telephone company constructed certain facilities along the north side of Upper Mill Creek within the 40 foot drainage easement. Prior to constructing these facilities, the telephone company obtained easements from the owners of the lots subject to the drainage easement, but not from the sewer district or the county. In 1971 as a part of the Upper Mill Creek drainage basin improvement project, the sewer district as agent for the county widened and straightened the existing ditch within the 40 foot drainage easement. The project necessitated relocation of the telephone company's facilities at a cost of $53,378.43. Two issues are presented by this appeal. First, did the sewer district under the common law have the right to require the relocation of the telephone facilities at the sole expense of the telephone company? Second, if under the common law the sewer district was not liable for the cost of relocating telephone facilities, was the expense of relocation imposed upon the sewer district by the enactment of KRS 76.120?

As a result of the dedication on the plan of the subdivision, the sewer district acquired a 40 foot drainage easement across the rear of the lots along the southern boundary of the subdivision. However, the rights of the sewer district were not exclusive. The owners of the lots subject to the drainage easement had the right to use the land in any way which did not interfere with the sewer district's use of the easement. *Central Kentucky Natural Gas Co. v. Huls,* Ky., 241 S.W.2d 986, 28 A.L.R.2d 621 (1951). The owners right to use the land within the drainage easement included the right to grant additional easements so

long as the new easements did not constitute an unreasonable burden upon the sewer district's existing easement. *Delph v. Daly*, Ky., 444 S.W.2d 738 (1969).

When the telephone company placed its facilities along the north side of Upper Mill Creek in 1961, the telephone company did not interfere with the use of the sewer district's drainage easement. However, the telephone company's right to use land within the 40 foot drainage easement was subject to the future needs and requirements of the sewer district. In *Higdon v. Kentucky Gas Transmission Corporation*, Ky., 448 S.W.2d 655 (1969), the court refused to enjoin an owner from building a concrete mobile home pad within the right of way of a gas pipeline transmission easement. However, the court did hold that any lessee of the mobile home pad would take the lease subject to the burden of removing the mobile home from the pad upon timely notice in the event the pipeline company needed to make repairs in the area.

In *City of Pasadena v. California-Michigan Land and Water Company*, 17 Cal.2d 576, 110 P.2d 983, 133 A.L.R. 1186 (1941), the City of Pasadena owned a five foot easement for water mains. In holding that the city was not entitled to an injunction prohibiting a private water company from laying its pipes within the city's easement, the California Supreme Court stated:

"It is possible that the city may, at some future time, be faced with the necessity of expanding or changing its present system, and on its behalf it is asserted that the presence of defendant's pipes may seriously hamper the reasonable use of the city's prior easement under such circumstances. But if, in the reasonable use of its prior easement the city requires the space occupied by the pipes of the defendant, its paramount right must prevail." 17 Cal.2d at 582, 110 P.2d at 986, 133 A.L.R. at 1193.

See also *Thompson v. Smith*, 59 Wash.2d 397, 367 P.2d 798 (1962).

We conclude that, under the common law, the maintenance of the telephone company's facilities within the boundary of the drainage easement was subject to the future needs of the sewer district. Unless the rights of the parties were modified by statute, the telephone company was required to relocate its facilities at its own expense when its use of the area within the drainage easement came into direct conflict with the current needs of the sewer district to expand the Upper Mill Creek drainage system.

In holding that the sewer district was liable for the cost of relocating the telephone company's facilities, the trial court relied upon the provisions of KRS 76.120. Metropolitan sewer districts are governed by the provisions of KRS 76.010 to 76.281. KRS 76.120 provides:

"Where railroad tracks, street railroad tracks, gas or water pipes, telephone wires, telegraph wires, electric light or power lines, or conduits, for carrying telephone or telegraph or electric wires, or poles, or other structures of any public service corporation, extend in, along or across any part of the work authorized by KRS 76.010 to 76.210, it shall be and become the duty of the person or corporation owning or using such tracks, pipes, wires, conduits, poles, or other structures, to make such changes in the same *at the expense of the district* as may be required during the construction of any improvement provided for in KRS 76.010, and to construct or rebuild *at the expense of the district* its tracks, pipes, wires, conduits, poles, or other structures, over or along the work by KRS 76.010 to 76.210 authorized and constructed, and at its own expense to maintain the same after such work has been completed; Provided, however, such changes of that part of such tracks, pipes, wires, conduits, poles or other structures as may be or extend *in a public way*, shall be made *at the expense of the public service corporation* owning or using the same only if necessary to afford the district reasonable use of such public way." (Emphasis added).

It is the position of the telephone company that this statute renders inapplicable the rule quoted above from the *City of Pasade-*

*na v. California-Michigan Land and Water Company.*

▆▆▆ Under the statute, the sewer district does not have to bear the burden of relocation expenses if the facilities of the public service corporation are located within "a public way." This portion of the statute is an extension of the rule which requires a public utility to relocate facilities in public streets at its own expense when changes are required by public necessity or convenience. *Commonwealth, Department of Highways v. Louisville Water Company,* Ky., 479 S.W.2d 626 (1972); *Southern Bell Tel. & Tel. Co. v. Commonwealth,* Ky., 266 S.W.2d 308 (1954). However, we do not consider the drainage easement to be a "public way" within the meaning of the statute. A public way is designed for the passage of people, not the flow of water or sewage. *City of Covington v. Schlosser,* 141 Ky. 838, 133 S.W. 987 (1911).

▆▆▆ KRS 76.120 does not expressly refer to a situation in which the sewer district is expanding its facilities within an existing easement which is prior in time to the easement of the public service corporation whose facilities must be relocated. In determining whether the statute is applicable to this type of situation, it is appropriate to consider the reason for the enactment of KRS 76.120. As a general rule, land devoted to one public use cannot be taken for another public use in the absence of express legislative authority for the taking. Under this general rule, it has been held that property of a public utility cannot be taken for another public use under eminent domain in the absence of express legislative authority. See the cases cited in 26 Am. Jur.2d *Eminent Domain* §§ 88, 97–98; *Louisville & N. R. Co. v. City of Louisville,* 131 Ky. 108, 114 S.W. 743 (1908). The power of eminent domain is conferred upon sewer districts by the provisions of KRS 76.110(1). That statute expressly provides that the power of eminent domain extends to property interest held for public use by corporations having the power of eminent domain.

▆▆▆ KRS 76.120 is the next succeeding section to the grant of power of eminent domain to sewer districts. See 1946 Ky. Acts, ch. 104, §§ 9–10. We conclude that KRS 76.120 was intended to amplify the rights and duties of a sewer district undertaking to exercise the power of eminent domain over the property rights of a public service corporation. The statute was not intended to apply to a situation in which the sewer district was not required to rely upon the power of the eminent domain. In the present case, the sewer district had the right to expand its Upper Mill Creek drainage facility because of its prior drainage easement. The sewer district had no need to exercise the power of eminent domain. Consequently, the provisions of KRS 76.120 have no application, and it was error for the trial court to impose any liability on Jefferson County and its agent, the sewer district, for the telephone company's cost of relocation.

The judgment of the Circuit Court is reversed with directions to enter a new judgment dismissing the complaint.

All concur.