RENDERED: APRIL 19, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0458-MR

ISAAC W. BERNHEIM
FOUNDATION                                                          APPELLANT


APPEAL FROM BULLITT CIRCUIT COURT
v.        HONORABLE RODNEY DARREL BURRESS, JUDGE
ACTION NO. 19-CI-00762


LOUISVILLE GAS AND ELECTRIC
COMPANY; EAST KENTUCKY
POWER COOPERATIVE, INC.; AND
KENTUCKY HERITAGE LAND
CONSERVATION FUND BOARD                                    APPELLEES



OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND McNEILL, JUDGES.

McNEILL, JUDGE: Isaac W. Bernheim Foundation ("Bernheim") appeals from

an interlocutory judgment finding Louisville Gas and Electric Company ("LG&E")

has the right to condemn Bernheim's property for a natural gas pipeline. Finding

no error, we affirm.

LG&E is a public utility that provides natural gas service in Bullitt County, Kentucky. To increase supply and facilitate expansion, LG&E is constructing an underground natural gas pipeline. Part of the pipeline runs through property owned by Bernheim, 494 acres of land known as the Cedar Grove Wildlife Corridor ("Simon Tracts"). LG&E attempted to purchase an easement from Bernheim but when negotiations were unsuccessful, initiated a condemnation proceeding under the Eminent Domain Act of Kentucky (KRS[1] 278.502).

Bernheim owns a nature preserve in Bullitt and Nelson Counties. In 2018, Bernheim purchased the Simon Tracts with grant money from the Kentucky Heritage Land Conservation Fund ("Fund").[2] As a condition of the grant, Bernheim was required to convey to the Commonwealth "a conservation easement in perpetuity over all land acquired, in whole or in part, with fund proceeds." 418 KAR[3] 1:050 § 6(1). Another stipulation was that the land must be maintained for the conservation purpose for which it was acquired. 418 KAR 1:050 § 6(1)(b); KRS 146.560(2).

---

[1] Kentucky Revised Statutes.

[2] The grant from the Kentucky Heritage Land Conservation Fund provided half the purchase price and a grant from the Imperiled Bat Conservation Fund, administered by the United States Fish and Wildlife Service, supplied the balance.

[3] Kentucky Administrative Regulations.

In the condemnation action, Bernheim challenged LG&E's right to take, arguing it lacked authority to condemn property that is statutorily dedicated to public conservation use and encumbered by a government-held conservation easement.[4]  Following an evidentiary hearing, the circuit court found in LG&E's favor, granting it an interlocutory judgment pursuant to KRS 416.610.  This appeal followed.

"Since this case was tried before the circuit court without a jury, we review the trial court's factual findings under a clearly erroneous standard and the legal issues *de novo.*"  *God's Center Foundation, Inc. v. Lexington Fayette Urban Cnty. Government*, 125 S.W.3d 295, 300 (Ky. App. 2002).  On appeal, Bernheim does not raise the standard challenges to a condemnor's right to take, such as necessity, public use, and reasonable compensation, but instead makes several arguments concerning LG&E's right to take based upon the existence of the Commonwealth's conservation easement.  Specifically, Bernheim argues:  (1) LG&E cannot condemn property that has been put to a prior public use; (2) LG&E's power to condemn is limited to private property; (3) the previous Court of Appeals' decision did not determine the issues on appeal; and (4) KRS 382.850(2)

---

[4] Bernheim made other challenges to LG&E's right to take below, but does not raise them on appeal; therefore, we do not recite them here.

does not make a government conservation easement pursuant to KRS Chapter 146 a legal fiction.

As alluded to above, this is the second time this case has been on appeal. In *Kentucky Heritage Land Conservation Fund Board v. Louisville Gas and Electric Company*, 648 S.W.3d 76, 78 (Ky. App. 2022), *discretionary review denied* (Aug. 10, 2022), a panel of this Court held that sovereign immunity did not preclude LG&E from condemning property subject to a state-owned easement. In that appeal, the Kentucky Heritage Land Conservation Fund Board ("Board") was the appellant, and Bernheim filed a brief in support of the Board's position. The Board made essentially the same arguments Bernheim now makes, and our Court considered and rejected them. We believe *Kentucky Heritage* is dispositive of the issues in this appeal; nevertheless, to be thorough, we address Bernheim's arguments individually.

Bernheim first argues condemnation is prohibited by the prior public use doctrine. It cites the general rule that "land devoted to one public use cannot be taken for another public use in the absence of express legislative authority for the taking." *Jefferson Cnty. By and Through Hollenbach v. South Central Bell Tel. Co.*, 555 S.W.2d 629, 632 (Ky. App. 1977). Bernheim claims the Simon Tracts are already devoted to public use because they were purchased with public funds and must be maintained for public conservation purposes. Thus, LG&E cannot

-4-

condemn the property for another public use because it lacks express legislative authority. Bernheim acknowledges we previously "rejected the argument . . . that LG&E lacked the power of condemnation under the 'prior public use' doctrine[.]" In the prior appeal, we held that "the plain language of KRS 382.850(2) authorizes a statutory right of eminent domain to prevail over a conservation easement because a conservation easement is assumed not to exist upon the exercise of a statutory right of eminent domain. If it is assumed that the Board's conservation easement does not exist, then there is no prior public use to impede the exercise of LG&E's right of eminent domain." *Kentucky Heritage*, 648 S.W.3d at 89.

Nevertheless, it claims we "misapprehended th[e] significant distinction" that the prior public use arises not from KRS 382.850(2), but from KRS 146.560 and 146.570. Bernheim seeks to avoid our prior holding by sidestepping KRS 382.850(2). Its argument goes like this: KRS Chapter 146 requires property acquired with Fund monies to be maintained in perpetuity for public conservation purposes – a public use. However, the statute does not reference KRS Chapter 382 or require that this be done through a conservation easement. Because KRS Chapter 146 was enacted after KRS Chapter 382, this omission must be intentional. The public use arising under KRS Chapter 146 is different than the one arising under a conservation easement. Thus, KRS Chapter 382 is simply not relevant. Since KRS Chapter 146 does not explicitly allow

condemnation of land or property interests acquired under its provisions, LG&E lacks express legislative authority for the taking.

Though creative, we find its argument unconvincing. The simple fact is the conservation easement exists; thus KRS 382.850(2), which governs conservation easements, applies. The General Assembly mandated the Board administer the Fund and gave them authority to promulgate regulations to accomplish its purpose.[5] Pursuant to 418 KAR 1:050 § 6(1), Bernheim conveyed to the Commonwealth a conservation easement when it purchased the Simon Tracts with Fund proceeds. The regulation explicitly states "[t]he conservation easement shall meet the requirements of KRS 382.800 through 382.860 and ensure that lands acquired shall be maintained in perpetuity for the purposes established in KRS 146.560." 418 KAR 1:050 § 6(1)(b).

As much as Bernheim would like to distance KRS Chapter 146 from KRS Chapter 382, the regulation explicitly links the two. The land LG&E seeks to condemn is burdened by a conservation easement and KRS 382.850(2) is applicable. "Under KRS 382.850(2), a conservation easement 'shall not operate to impair or restrict any right or power of eminent domain created by statute, and all such rights and powers shall be exercisable as if the conservation easement did not

---

[5] Technically, KRS 146.560 states the Energy and Environmental Cabinet "may promulgate *upon recommendation of the board* in accordance with the provisions of KRS Chapter 13A administrative regulations as are deemed necessary . . . ." KRS 146.560(2) (emphasis added).

exist.'" *Kentucky Heritage*, 648 S.W.3d at 85-86. "If it is assumed that the Board's conservation easement does not exist, then there is no prior public use to impede the exercise of LG&E's right of eminent domain." *Id.* at 89.

Bernheim next asserts LG&E's power to condemn is limited to private property. It notes LG&E's authority to condemn comes from KRS 278.502 and KRS 416.540-416.680, the Eminent Domain Act of Kentucky. The Act specifically defines "condemn" as to "to take *private property* for a public use under the right of eminent domain[.]" KRS 416.540(1) (emphasis added). Bernheim further argues KRS 382.850(2) does not enlarge the power of eminent domain. Therefore, because the Act limits condemnation to private property and KRS 382.850(2) does not expand that power, Bernheim claims LG&E lacks statutory authority to condemn a publicly held conservation easement.

We considered and rejected this argument in *Kentucky Heritage*. There, we held

> [w]hile LG&E may not have the general power to condemn public property under KRS 278.502 and KRS 416.540(1), KRS 382.850(2) expresses the Legislature's intention that a conservation easement cannot be used to impede the exercise of any statutory power of eminent domain that the Legislature has otherwise conferred by statute. If the existence of the conservation easement is disregarded, as KRS 382.850(2) instructs, then LG&E would undoubtedly have the power to condemn the property at issue.

*Kentucky Heritage*, 648 S.W.3d at 88. If the conservation easement is disregarded, the Simon Tracts are simply private property – any public property interest disappears.

Bernheim next maintains *Kentucky Heritage* did not determine the issues in this appeal. It rightly notes *Kentucky Heritage* was limited to whether sovereign immunity precludes "commencement of condemnation proceedings against the holder of a conservation easement." *Kentucky Heritage*, 648 S.W.3d at 78-79. But it then reads too much into that language. Focusing on the word "commencement[,]" it contends KRS 382.850(2) allows "*commencement* of an action for condemnation as against [a] government-held easement but is insufficient to allow [the] taking of that interest absent some statutory authorization."

Although we did not reach the issue of LG&E's right to take in *Kentucky Heritage*, we interpreted KRS 382.850(2) as subjecting "a conservation easement held by a governmental entity . . . [to] eminent domain." *Id.* at 86. KRS 382.850(2) provides "[a] conservation easement . . . shall not operate to impair or restrict any right or power of eminent domain . . . and all such rights and powers shall be exercisable as if the conservation easement did not exist." The statute authorizes the exercise of "all . . . rights and powers [of eminent domain]." *Id.* It does not limit exercise to just the commencement of condemnation proceedings.

In sum, while *Kentucky Heritage* did not specifically address the relevant issue in this appeal – whether LG&E has the right to take Bernheim's property – its interpretation of KRS 382.850(2) foreclosed Bernheim's argument that a government-held easement cannot be condemned.

Relatedly, Bernheim contends *Kentucky Heritage* is not the law of the case concerning LG&E's right to condemn the conservation easement. "The law of the case doctrine means issues decided in earlier appeals should not be revisited in subsequent ones." *Armstrong v. Estate of Elmore*, 647 S.W.3d 214, 217 (Ky. 2022) (internal quotation marks and citation omitted). It "designates the principle that if an appellate court has passed on a legal question . . . the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982).

Again, while we agree *Kentucky Heritage* did not determine LG&E's right to take Bernheim's property, its statutory interpretation of KRS 382.850(2) settled the legal arguments Bernheim advances on appeal. Thus, while our previous opinion is not the law of the case as to LG&E's right to take, its analysis of KRS 382.850(2) is. We note that even if *Kentucky Heritage*'s statutory interpretation were not the law of the case, we would be persuaded by its reasoning and analysis. Regardless, as it pertains to Bernheim's arguments on appeal, we

hold that KRS 382.850(2) removes any "issue of the Commonwealth's ownership interest in the conservation easement . . . as an obstacle to the pursuit of condemnation proceedings by a party with a statutory right of eminent domain." *Kentucky Heritage*, 648 S.W.3d at 86.

Finally, Bernheim argues KRS 382.850(2) does not make a government conservation easement under KRS Chapter 146 a legal fiction. Again, Bernheim disagrees with this Court's interpretation of KRS 382.850(2) in *Kentucky Heritage* that "[b]y employing the legal fiction that a conservation easement does not exist upon the exercise of a statutory power of eminent domain, the General Assembly expressed its intention that a conservation easement held by a governmental entity is subject to the exercise of any statutory power of eminent domain." *Kentucky Heritage*, 648 S.W.3d at 86. Because the sole issue on appeal was sovereign immunity, it argues this Court "did not delve into the thorny constitutional questions raised by a suggestion that the General Assembly could, by legislative fiat, actually *extinguish* a conservation easement held by the Commonwealth of Kentucky." Bernheim suggests that KRS 382.850(2) should instead be read as a savings clause, doing "nothing more than ordering the relationship of eminent domain powers to the existence of such an easement."

The Board made a similar argument in *Kentucky Heritage*, claiming "KRS 382.850(2) merely preserves the right of eminent domain and subjects

-10-

conservation easements to the right of eminent domain[.]" 648 S.W.3d at 86. But as we noted there, such an interpretation "does not give full effect to the provision in KRS 382.850(2) that any statutory right of eminent domain 'shall be exercisable as if the conservation easement did not exist.'" *Id.* "[A] statute should be construed, if possible, so that no part of its provisions are rendered meaningless." *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth Transp. Cabinet*, 983 S.W.2d 488, 492 (Ky. 1998) (citation omitted).

> We believe our analysis in that appeal is conclusive:
>
> In KRS 382.850(2), the use of the phrase, "all such rights and powers shall be exercisable as if the conservation easement did not exist[,]" appears to be a unique modification of the Uniform Conservation Easement Act (UCEA). The text of the UCEA does not address the issue of whether a conservation easement can be condemned through eminent domain. However, the preface to the 2007 version provides that "the Act neither limits nor enlarges the power of eminent domain[,]" instead leaving "the scope of that power" to "the adopting state's eminent domain code and related statutes." *See* Nat'l Conf. of Comm'rs on Unif. State L., *Prefatory Note at* 4 to Uniform Conservation Easement Act (1981) (amended 2007). Unlike other jurisdictions, the Kentucky General Assembly did not adopt any language from the preface to the UCEA concerning the enlargement of eminent domain. . . .
>
> This Court cannot endorse an interpretation that simply ignores a portion of the statutory text. . . . [T]he General Assembly specifically added these words to the statute contrary to the language set out in the preface and text of the Uniform Conservation Easement Act and comparable statutes enacted by other jurisdictions. The

> Legislature is presumed to be aware of existing laws when enacting a new statute. *Pearce v. University of Louisville, by and through its Bd. of Trustees*, 448 S.W.3d 746, 760 (Ky. 2014).

*Kentucky Heritage*, 648 S.W.3d at 86-87.

Finally, Bernheim submits that if we hold LG&E does not have the right to take the conservation easement, we should hold "[LG&E] has no good faith basis to take the underlying property encumbered by the conservation easement, as the conservation easement specifically prevents the development of gas pipelines on the subject property." Because we hold the circuit court did not commit any error in granting the interlocutory judgment, we need not address this argument.

Based upon the foregoing, Bullitt Circuit Court's interlocutory judgment is affirmed.


ALL CONCUR.

-12-

BRIEFS FOR APPELLANT:

Randal A. Strobo
David A. Spenard
Julia D. Taylor
Louisville, Kentucky

Tom FitzGerald
Ashley Wilmes
Frankfort, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE GAS AND ELECTRIC
COMPANY:

Monica H. Braun
Steven B. Loy
Mary Ellen Wimberly
Lexington, Kentucky